**Aimee Loraine CARPENTER,**
**Appellant,**

v.

**Andrew John SCHLOMANN, Appellee.**

**No. 2010–CA–000027–ME.**

Court of Appeals of Kentucky.

March 11, 2011.

---

Susan M. Meschler, Shelbyville, KY, for appellant.

No brief was filed on behalf of Appellee.

Before CAPERTON and WINE, Judges; LAMBERT,[1] Senior Judge.

## OPINION

LAMBERT, Senior Judge:

Aimee Loraine Carpenter appeals from the Shelby Circuit Court Order of Protection entered on December 17, 2009, on behalf of Andrew John Schlomann. As we hold that the trial court erred when it

1. Senior Judge Joseph E. Lambert sitting as Special Judge by assignment of the Chief Justice pursuant to Section 110(5)(b) of the Kentucky Constitution and KRS 21.580.

failed to conduct a full evidentiary hearing and relied upon extrajudicial evidence, we reverse and remand.

Carpenter and Schlomann are married and have two children.[2] The parties separated sometime around November 14, 2009, and on November 16, 2009, Schlomann filed a petition with the Shelby County Family Court seeking an Emergency Protective Order ("EPO") against Carpenter. Carpenter was then residing in Miami County, OH, with the parties' minor children. A hearing was held on November 17, 2009, at which time Schlomann gave sworn testimony that Carpenter had struck him with a piece of lumber a year before and that she had also attacked him when he was taking her to the hospital several weeks earlier. Carpenter gave brief testimony of her version of the events, but was never sworn. The trial court also allowed Schlomann to question Carpenter as to her version of the events. The trial court extended the EPO to November 25, 2009, and referred the matter to the Cabinet for Health and Family Services ("Cabinet").

The case was reconvened on November 25, 2009, at which time an employee of the Cabinet testified. The trial court gave temporary custody of the children to the Cabinet but did not address the EPO. The parties came before the trial court a third time on December 16, 2009, at which time the trial court acknowledged that it had failed to address the EPO issue at the prior hearing and had therefore extended it a second time. At this time, the trial court proceeded to grant a Domestic Violence Order ("DVO") against Carpenter on behalf of Schlomann. This appeal followed.

Carpenter's first argument on appeal is that the trial court erred by arbitrarily entering a DVO without first conducting a hearing or taking testimony. She then argues that the trial court erred by entering an EPO based on a petition alleging no immediate, recent, or serious threat of violence and without substantial allegations necessary to support a finding of domestic violence and abuse as required by KRS[3] 430.735.

Emergency protective orders are issued pursuant to KRS 403.740(1), which states, in relevant part:

[i]f, upon review of the petition, as provided for in KRS 403.735, the court determines that the allegations contained therein indicate the presence of an immediate and present danger of domestic violence and abuse, the court shall issue, upon proper motion, ex parte, an emergency protective order.

A court may enter a DVO if it finds, "from a preponderance of the evidence that an act or acts of domestic violence and abuse have occurred and may again occur." KRS 403.750(1). When reviewing a trial court's issuance of a DVO, we review the trial court's finding for clear error and with considerable deference. *See* CR[4] 52.01; *see also Bissell v. Baumgardner,* 236 S.W.3d 24 (Ky.App.2007).

This Court has held that the full hearing required is not met when testimony is not given or when testimony is cut short. *Wright v. Wright,* 181 S.W.3d 49, 53 (Ky.App.2005). The Court in *Wright* stated:

because of the immense impact EPOs and DVOs have on individuals and family life, the court is mandated to provide a full hearing to each party. To do

---

**2.** The record reveals that the parties are also involved in a dissolution action, which this Court is not privy to.

**3.** Kentucky Revised Statutes

**4.** Kentucky Rules of Civil Procedure

otherwise is a disservice to the law, the individuals before the court, and the community the judges are entrusted to protect. While we realize the tremendous responsibility entrusted to the trial judges in these cases, we also realize the awesome impact each case has and, as such, must insist that a full evidentiary hearing be afforded to the parties as provided for by the statutes and court rules. *Id.* We are not unmindful that courts with EPO and DVO jurisdiction are inundated with such claims. Nevertheless, as reflected in *Wright,* the consequences of such proceedings are gravely important to both parties. As a result of the volume and the nature of protection claims, courts may be tempted to give them less attention than they deserve, but these proceedings are entitled to the same dignity as any court proceeding.

In the matter before us, the trial court relied on the sworn testimony of only one party and the unsworn rebuttal of the other. It is a well established rule in Kentucky that all witnesses shall be administered an oath or affirmation as to the truthfulness of their testimony. KRE[5] 603. As Carpenter was not sworn, the trial court failed to conduct a full hearing as envisioned by the statutes and caselaw.

We next note that the trial court relied on extrajudicial evidence when making the decision to grant the DVO. When counsel for Carpenter inquired about the disposition of the EPO during the December 16, 2009, court appearance, the trial court stated "there were some fairly strong allegations that were found by this court to be accurate in the companion case against your client." It is unclear to this Court what those allegations were, as they were not cited by the trial court from the bench or within the DVO itself. "It is well settled that extrajudicial evidence, not part of the record, cannot form the basis of a decision." *Lynch v. Lynch,* 737 S.W.2d 184, 186 (Ky.App.1987) (Citing *Wells v. Wells,* 406 S.W.2d 157, 158 (Ky.1966)). Moreover, where the trial court fails to fully articulate its decisional basis, appellate courts are prevented from discharging their duty of meaningful appellate review. Therefore, any finding of domestic violence based on extrajudicial evidence would be clearly erroneous. Because there is no proper evidentiary basis for a finding of domestic violence, the trial court's entry of a DVO was erroneous.[6]

With regard to Carpenter's assertion that the EPO was improperly entered, we disagree. As we have already indicated, KRS 403.740(1) states that the court shall issue an EPO if the allegations indicate a presence of immediate and present danger of domestic violence. The domestic violence petition filed by Schlomann stated that Carpenter had broken a rotted $2 \times 4$ over his back, that she had beat him until he bled, that she had threatened to kill him, and that he was afraid of her. In view of these allegations, the trial court did not err in its issuance of the EPO.

For the foregoing reasons, we reverse the December 17, 2009, Shelby Circuit Court Order of Protection and remand for further consistent proceedings.

ALL CONCUR.

5. Kentucky Rules of Evidence

6. Our holding speaks only to the trial court's inability to previously provide a proper evidentiary basis for the DVO. It in no way addresses the ability of the trial court to acquire the necessary evidence through an appropriate evidentiary hearing in the future.