Tyler ALLEN, Appellant

v.

Robert GUELTZOW, Appellee

NO. 2017-CA-000605-ME

Court of Appeals of Kentucky.

DECEMBER 8, 2017; 10:00 A.M.

---

BRIEF FOR APPELLANT: Andrew Howell, LaGrange, Kentucky.

BRIEF FOR APPELLEE: None filed.

BEFORE: KRAMER, CHIEF JUDGE; JOHNSON AND JONES, JUDGES.

## OPINION

JOHNSON, JUDGE:

Tyler Allen ("Tyler"), appeals from the January 13, 2017 Order of the Oldham Circuit Court granting a Domestic Violence Order ("DVO") against him. After reviewing the record in conjunction with the applicable legal authorities we VACATE the DVO of the Oldham Circuit Court, Family Division, and REMAND the matter to the court for a full evidentiary hearing.

## BACKGROUND

Kelly Allen ("Kelly") and Robert Gueltzow ("Robert") were married and had two children born during the marriage. Kelly and Robert were eventually divorced and Kelly married Tyler Allen ("Tyler"). On December 9, 2016, the police were dispatched to the home of Kelly and Tyler, as a result of a 911 call placed by one of Kelly's children. Based upon the incidents, an arrest warrant was issued for Tyler. He was arrested on December 28, 2016.

On January 9, 2017, an Emergency Protective Order was issued against Tyler on behalf of Robert and his two minor children, and on January 13, 2017, a hearing was conducted on Robert's Petition for a DVO. The only witness at the hearing was Robert, who testified what his daughter had told him concerning the events of December 9th. Tyler invoked his Fifth Amendment Right not to testify since he was facing criminal charges as a result of his arrest. Kelly was present at the DVO hearing but did not testify. The court issued the DVO against Tyler on January 13, 2017.

## STANDARD OF REVIEW

When reviewing a trial court's issuance of a DVO we review the trial court's findings for clear error. *Carpenter v. Schlomann,* 336 S.W.3d 129, 130 (Ky. App. 2011).

## ANALYSIS

The standard for granting a DVO is based upon a preponderance of the evidence that an act or acts of domestic violence and abuse have occurred and may again occur. Kentucky Revised Statutes ("KRS") 403.750. Under the preponderance standard, the evidence must establish

that the alleged victim was more likely than not to have been a victim of domestic violence. *Wright v. Wright*, 181 S.W.3d 49, 52 (Ky. App. 2005). In reviewing the hearing and the Order of the court entered on March 28, 2017, we find that the court made its decision based upon inadmissible hearsay and evidence outside of the record.

 By allowing Robert to testify about statements made to him by his then six-year-old daughter, over Tyler's objection, the court allowed testimony in the record that constitutes hearsay. A DVO petition is subject to the same evidentiary standards as other forms of evidence. *Rankin v. Criswell*, 277 S.W.3d 621, 625 (Ky. App. 2008). Therefore, unless an exception applies, hearsay cannot be considered as evidence. While we respect the court's concern about having a six-year-old testify in court, there are numerous ways in which to protect children when they need to testify in court. Robert testified that he had no direct knowledge of the facts concerning the event of December 9, 2016, but only knew what his daughter told him. The court attempted to supplement Robert's testimony by relying on the police report that indicated that the children were present when everything happened. Pursuant to the Kentucky Rules of Evidence ("KRE") 803(8), a police report is not exempt from hearsay, unless it is offered for an admissible purpose. *See also Kerr v. Commonwealth*, 400 S.W.3d 250 (Ky. 2013). Therefore, the court had no admissible evidence in the record when it made its decision.

The only other evidence upon which the court appears to rely before granting the DVO was the fact that Tyler had been arrested and was charged in the district court with domestic violence based upon the allegations of December 9, 2016, even though no determination had been made concerning those charges. In this case, like the court in *Wright*, 181 S.W.3d at 50, we find that the court considered extraneous evidence by relying on events that occurred outside of the record.

We are cognizant that the issuance of a DVO is a serious matter, in that it affords the victim protection from physical, emotional, and psychological injury. However, the impact of having a DVO entered improperly, hastily, or without a valid basis can have a devastating effect on the alleged perpetrator. In this case, we find that the court failed to conduct a hearing as required by KRS 403.730 and remand the case for a hearing consistent with Kentucky law.

## CONCLUSION

Based upon the foregoing, we reverse the January 13, 2017 Order of Protection entered by the Oldham Circuit Court, Family Division, and remand this matter for further proceedings in accordance with this opinion.

ALL CONCUR.