NICKELL, JUDGE:
*143 Omar Matehuala ("Omar") appeals from the August 9, 2017, Domestic Violence Order (DVO) entered by the Fayette Circuit Court, Family Division, in favor of his estranged wife, Jeanetta Louann Matehuala Torres ("Jeanetta").[1] Because the DVO was entered in error, we reverse and remand.
Omar and Jeanetta are a married couple who separated in January 2017. At the time of their separation, Omar moved out of the mobile home owned by his adult daughter which the couple had shared with Jeanetta's three minor children. Two of the children were born during the marriage,[2] but paternity of them is disputed; the other two children were not fathered by Omar. Jeanetta remained in the mobile home with the children. Shortly after the separation, both parties filed petitions seeking entry of DVO's against the other. Following a hearing, the trial court granted Omar's petition and denied Jeanetta's.
Sometime in early May 2017, Jeanetta and the children moved out of the mobile home due to difficulties with her pregnancy. Near the end of that month Omar visited the mobile home and, based on its condition, concluded Jeanetta had abandoned it. According to Omar, the electricity had been disconnected by the service provider for nonpayment, no edible food was in the home, dishes with spoiled food were lying about, the cabinets were crawling with insects, clothing was strewn about the floors, a couch was up-ended, mold was growing on the walls, there were several holes in the floor, three beds had been removed, and items of remaining personal property were destroyed.
Due to the state of disrepair and extent of damages to the mobile home, Omar's adult daughter demanded he complete renovations at his expense[3] so she could attempt to sell it. Omar began repairs in late May. During the renovation process, Omar removed the remaining personal property from the mobile home, placing it near the street. Omar did not contact Jeanetta regarding the personal property prior to removing it from the residence. Approximately two days later, Jeanetta went to the mobile home and, seeing the items piled near the street, contacted police. She told responding officers Omar had destroyed the items when he put them outside.
Omar was contacted and asked to come to the mobile home. He complied and permitted officers inside the mobile home where they observed the residence was uninhabitable in its condition and appeared to have been vacant for "a while" based, in part, on significant water damage present throughout. Officers also noted Omar's progress on renovating the kitchen and bathroom areas. Omar informed officers he had removed the personal property from the mobile home believing it had been *144 abandoned and the items were already ruined. Jeanetta was informed if she attempted to live in the mobile home with the children in its present state, officers would likely charge her with wanton endangerment. She was permitted the opportunity to gather and take any or all of her belongings she wished to retain; she took nothing. The responding officers considered the matter a dispute over personal property and saw no indication of domestic violence. At no time during the interaction with police did Jeanetta indicate she was afraid of Omar, he was threatening her or was otherwise acting in an inappropriate manner.
The following day, Jeannetta filed the instant petition seeking entry of a DVO. In her petition, she alleged Omar's disposal of the items of personal property made her scared because "he use (sic) to threaten stuff like this to me" and she didn't "know what he is capabile (sic) of at this point or if he is still stalking me[.]" A two-hour hearing was conducted at which the trial court heard testimony from multiple witnesses. Both parties were represented by counsel. Omar denied having contact with Jeanetta apart from during court appearances and denied intentionally damaging any of her belongings. Jeanetta testified consistently with her petition, but further alleged past physical abuse and threats, none of which were materially substantiated by any witness.
At the conclusion of the hearing, the trial court stated its belief that calling someone before throwing out their belongings would be the sensible thing to do and Omar at least owed Jeanetta a phone call to determine her wishes before disposing of the items of personal property. In determining Jeanetta was entitled to entry of a DVO, the trial court stated:
I interpret the throwing these things out of the trailer to be a statement that was made to the mother of his children. And I find by preponderance of the evidence that domestic violence occurred, and I will enter a domestic violence order for a period of two years.
Now he already has one, now she has one, so, I do hope that these parties can end their marriage without further heartache. I especially hope that these children will be well provided for and will come to know their father in whatever way that they can, but it appears to me that he doesn't much care.
The trial court did not find any instances of past domestic violence, abuse or threats by Omar. This appeal followed.
On appeal, Omar contends the trial court erred in issuing a DVO because none of Jeanetta's allegations rose to the level of domestic violence under the definition contained in KRS 4 403.270. Specifically, he argues merely throwing items out of the mobile home without first contacting Jeanetta was insufficient to support a finding he committed an act of domestic violence or abuse. We agree.
KRS 403.720(1) defines domestic violence as "physical injury, serious physical injury, stalking, sexual abuse, assault, or the infliction of fear of imminent physical injury, serious physical injury, sexual abuse, or assault between family members...." When entering a DVO, the trial court determines a petitioner has shown by a preponderance of the evidence an act or acts of domestic violence has occurred and may again occur. KRS 403.750(1) ; see also Bissell v. Baumgardner , 236 S.W.3d 24, 29 (Ky. App. 2007). To enter a DVO, the trial court must decide a petitioner is more likely than not to have been a victim of domestic violence.
*145 Baird v. Baird , 234 S.W.3d 385, 387 (Ky. App. 2007) ; Wright v. Wright , 181 S.W.3d 49, 52 (Ky. App. 2005). Our review in this Court is not whether we would have decided the case differently, but rather whether the trial court's findings were clearly erroneous or constituted an abuse of discretion. Cherry v. Cherry , 634 S.W.2d 423, 425 (Ky. 1982) ; see also Carpenter v. Schlomann , 336 S.W.3d 129, 130 (Ky. App. 2011).
CR 5 52.01 provides a trial court's "[f]indings of fact, shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge the credibility of the witnesses." See also Reichle v. Reichle , 719 S.W.2d 442, 444 (Ky. 1986). Findings are not clearly erroneous if they are supported by substantial evidence. Moore v. Asente , 110 S.W.3d 336, 354 (Ky. 2003). Substantial evidence is evidence of sufficient probative value which would permit a reasonable mind to accept as adequate the factual determinations of the trial court. Id. A reviewing Court must give due regard to the trial court's judgment on the credibility of the witnesses. Id.
In the instant case, no evidence of violence or harm was presented, nor was any testimony elicited regarding infliction of fear of imminent injury, abuse or assault. The sole reason relied on by the trial court in entering the DVO was Omar's discarding of items personal property from a seemingly abandoned trailer home. We conclude this is insufficient under the law. The complete lack of evidence of past or present physical threats or abuse, contact between the parties, or fear of imminent harm, wholly undermines the trial court's conclusion. Omar's actions in disposing of Jeanetta's personal property without first contacting her may not have been reasonable or sensible, but those acts do not rise to the level of domestic violence as that term is statutorily defined.
We are cognizant the issuance of a DVO is a serious matter, as it affords the victim protection from physical, psychological and emotional harm. However, "the impact of having an EPO or DVO entered improperly, hastily, or without a valid basis can have a devastating effect on the alleged perpetrator." Wright v. Wright , 181 S.W.3d 49, 52 (Ky. App. 2005). In this case, we find the court grounded its decision on an improper basis and abused its discretion in entering the DVO.
For the foregoing reasons, we are constrained to reverse and remand this matter to the Fayette Circuit Court, Family Division, with instructions to vacate the DVO entered on August 9, 2017.
ALL CONCUR.

It appears at some point during the proceedings below, a divorce action was initiated by Omar. The status of that action is irrelevant to our decision.

Jeanetta was pregnant when Omar left the home. She delivered her fourth child on May 18, 2017.

Omar and Jeanetta had been living in the mobile home rent-free prior to their separation, and Jeanetta stayed there rent-free following the separation.