THOMPSON, JUDGE:
Bradley Clark appeals from the Fayette Family Court's Domestic Violence Order (DVO) prohibiting him from having contact with Tonya Parrett. Clark argues that the family court erred in entering a DVO against him where he was not afforded a full evidentiary hearing and there was not sufficient evidence introduced to support the entry of the DVO.
Clark and Parrett formerly dated and lived together in Clark's home. When they broke up sometime around November 2016, Parrett left the home.
They did not have any further contact until January 6, 2018, when Clark went to see Parrett at her new home. According to Parrett's petition for an emergency protective order (EPO) and DVO, when she arrived home she noticed Clark parked in a parking lot beside her apartment. She parked her car and went into her apartment. After about twenty minutes, she called the police because Clark was hanging around. She called the police a second time after Clark began "banging on my door stating, 'let me the f* * * in, I want to talk to you.[']" The police arrived and talked with both of them and Parrett was advised to file an EPO.
In the petition, Parrett reported she was afraid of Clark for the following reasons:
I fear him after 14 months of no contact; after he throwed my daughter and I out of his home placing my personal items that he chose to give back onto his front and back porch. Bradley has multiple guns and as soon as I see him I start shaking all over becoming very anxious.... Before being kicked out of Bradley's home he was very angry acting making me fear him then. I have not had any communication in anyway from Bradley since December 2016.
In indicating she wanted him to stay away from her place of employment, she stated she was "unsure to be honest what he is capable of." Parrett received an EPO that day.
On January 17, 2018, at the DVO hearing, Clark and Parrett appeared pro se.[1] Neither party was sworn with the entire hearing lasting one minute and thirty-three seconds and consisting of the following exchange:
Judge: Ok, are you Tonya Parrett?
Parrett: Yes sir, I am.
*874 Judge: All right, you are Bradley Clark?
Clark: Yes sir.
Judge: What do you want to do today Ms. Parrett?
Parrett: I want an order put in place to where he can't come back around me.
Judge: Okay, you want a no contact order?
Parrett: Yes sir.
Judge: Ok, and how are you all related?
Parrett: He's an ex-boyfriend?
Judge: Ex-boyfriend? Did you all live together?
Parrett: We did fourteen months ago.
Judge: Ok, so this is fairly simple from your perspective, just no contact?
Parrett: Very simple.
Judge: No kids?
Parrett: That's correct sir.
Judge: You all don't have any kids together?
Parrett: No sir.
Judge: So Bradley, are you in agreement with her request? Yes?
Clark: Yes sir.
Judge: Ok, I know there is talk about the police in here. Were there any criminal charges filed because of this incident? Ok. All right then we will keep it simple. A domestic violence order, no contact, this will be good for three years. All right, anything else?
Parrett: No sir.
Judge: I think it's that simple, I hope. Ok, well hang around for a few minutes and you will get a copy of the order. Ok, thank you all.
Parrett: Thank you sir.
The DVO was entered that day prohibiting Clark from having any contact with Parrett for three years and from possessing any firearms during this period.
Clark obtained counsel who filed a motion to alter, amend or vacate. Clark argued he stopped by Parrett's home to see how she was doing and was leaving when the police arrived. He denied using an obscenity when asking her to answer the door. He denied committing any acts of domestic violence.
Clark argued the hearing was improper because neither party was sworn, there was no evidence of domestic violence shown during the hearing and there was no allegation of past domestic violence in Parrett's petition. Clark explained that when he stated he agreed with Parrett's request at the hearing, he was agreeing he would stay away from her rather than consenting to the entry of a DVO. He did not understand the accompanying consequences of a DVO beyond that it would mean he would have no contact with Parrett. Clark stated he had no criminal history and used firearms on his farm and hunted with his son and was concerned about the negative consequences the DVO would have on his employment in the cable business.
The hearing on the motion to alter, amend or vacate was heard by a different judge than who issued the DVO. The hearing was noticed three times, on January 31, 2018, February 14, 2018, and February 28, 2018, because there was trouble obtaining service on Parrett at her home address listed and Parrett never appeared.
At each hearing, the court indicated Parrett needed to be served for it to hold a full hearing on the matter. At the January 31, 2018 hearing, the court indicated that perhaps Parrett had moved and not informed the court. At the February 14, 2018 hearing, the family court ordered Parrett be served through a protective order summons by the sheriff.
*875 At the final hearing on the motion held on February 28, 2018, counsel for Clark indicated that Parrett was served at her residence by first class mail three times, once for each hearing date and it was counsel's position that this was all that was required. The family court noted that although a final attempt had been made by the sheriff to serve Parrett on February 26, 2018, it was not successful. The family court ruled it would not be proper to dismiss a DVO without Parrett being present and proof being presented that she was actually served, the motion did not meet the very high standard needed to alter, amend or vacate the DVO and, without Parrett's agreement, the DVO would not be dismissed. The family court indicated it did not review the video of the hearing.
While someone may consent to entry of a DVO, under these circumstances, there was no clear and knowing waiver of Clark's due process right to a full evidentiary hearing and to have sufficient evidence introduced to support the entry of the DVO. We agree with Clark that the family court erred in entering a DVO against him in the absence of a full hearing and sufficient evidence for a finding of domestic violence and abuse.
"Domestic violence and abuse" is defined as "physical injury, serious physical injury, stalking, sexual abuse, assault, or the infliction of fear of imminent physical injury, serious physical injury, sexual abuse, or assault between family members or members of an unmarried couple[.]" Kentucky Revised Statutes (KRS) 403.720(1). "Any family member or any member of an unmarried couple may file for and receive protection ... from domestic violence and abuse[.]" KRS 403.750(1). "Following a hearing ... if a court finds by a preponderance of the evidence that domestic violence and abuse has occurred and may again occur, the court may issue a domestic violence order[.]" KRS 403.740(1). "Our review in this Court is not whether we would have decided the case differently, but rather whether the trial court's findings were clearly erroneous or an abuse of discretion." Gibson v. Campbell-Marletta , 503 S.W.3d 186, 190 (Ky. App. 2016).
"As a result of the volume and the nature of protection claims, courts may be tempted to give [domestic violence hearings] less attention than they deserve, but these proceedings are entitled to the same dignity as any court proceeding." Carpenter v. Schlomann , 336 S.W.3d 129, 132 (Ky. App. 2011). "[A] DVO has significant long-term consequences for both parties." Rankin v. Criswell , 277 S.W.3d 621, 625 (Ky. App. 2008). "[T]he impact of having an EPO or DVO entered improperly, hastily, or without a valid basis can have a devastating effect on the alleged perpetrator" including the perpetrator's "becom[ing] subject to immediate arrest, imprisonment, and incarceration for up to one year for the violation of a court order, no matter what the situation or circumstances might be." Wright v. Wright , 181 S.W.3d 49, 52 (Ky. App. 2005).
A DVO "cannot be granted solely on the basis of the contents of the petition." Rankin , 277 S.W.3d at 625. "[A] party has a meaningful opportunity to be heard where the trial court allows each party to present evidence and give sworn testimony before making a decision." Holt v. Holt , 458 S.W.3d 806, 813 (Ky. App. 2015). Due process is not satisfied when a DVO is granted without a full hearing, such as when sworn testimony is not presented from both parties or testimony is cut short. Carpenter , 336 S.W.3d at 132 ; Wright , 181 S.W.3d at 53. Without a full hearing a trial court cannot make a finding based upon a preponderance of the evidence. Wright , 181 S.W.3d at 53.
*876 Parrett's petition stated she was afraid of Clark based on their breakup and his banging on her door, but she did not provide a basis why she was afraid at that time except that they had not had any contact for fourteen months and he was angry when they broke up. While she alleged Clark had guns, she did not allege that he had threatened her with them or that she was fearful that he would shoot her.
Neither Parrett nor Clark was sworn in and neither of them was asked about the contents of the petition other than to ascertain what Parrett wanted. Therefore, we do not know whether Parrett could have testified about additional matters to establish that Clark committed domestic violence against her previously or whether Clark's actions when knocking on her door caused "infliction of fear of imminent physical injury, serious physical injury, sexual abuse, or assault[.]" KRS 403.720(1). We also do not know whether Clark could have successfully rebutted any such claims. There was nothing in Parrett's petition or testimony to support any factual finding that domestic violence had occurred.
As in Wright , 181 S.W.3d at 53, "[b]ecause there was either no evidence or insufficient evidence presented to meet the applicable standard or proof, we must vacate [the ruling] before us and remand the matter[ ] for a 'full hearing' as contemplated by the statute, comprised of the full testimony of any appropriate witnesses sought to be presented."
While a motion to alter, amend or vacate a DVO may not technically be governed by KRS 403.730(1)(b) and KRS 403.735(2)(a), to protect Parrett from potential domestic violence, we believe the family court acted properly by trying to make sure Parrett was personally served. While the matter was repeatedly re-noticed for a hearing, only once did the family court issue a protective order summons to be served on Parrett. The sheriff was never successful at serving Parrett at her home address, with the summons returned to the court as expired on March 1, 2018.[2] It would have been appropriate for the family court to continue the matter until Parrett was served and to follow the provision in KRS 403.735(2)(a) by "repeat[ing] the process of continuing the hearing and reissuing a new summons until the adverse party is served in advance of the scheduled hearing." While this was not required before proceeding, it would have been preferable to use this process rather than simply deny Clark's motion.
We note that the notice of appeal was also served on Parrett by mail at this same address. As Parrett, pro se , has not filed anything in this appeal, we do not know whether she received actual notice of the appeal.
As explained in Wright , "because of the immense impact ... DVOs have on individuals and family life, the court is mandated to provide a full hearing to each party. To do otherwise is a disservice to the law, the individuals before the court, and the community the judges are entrusted to protect." Wright , 181 S.W.3d at 53 (emphasis added). While Clark's right to a full hearing was previously denied, to act without Parrett's presence without knowing whether she received actual notice would deny her right to receive a full hearing. Both parties' rights must be protected. While Clark and not Parrett is technically the adverse party in the DVO petition, the statutory measures to effect *877 service on the adverse party and protect that party's rights are reasonably applied to Parrett under these circumstances. We recommend that the family court attempt service on Parrett through a protective order summons before holding a new evidentiary hearing but note that this recommendation is based on the unique facts of this case and not statutory requirements.
Based on the foregoing, the DVO is vacated and this action is remanded for proceedings consistent with this opinion. However, because the DVO serves a significant purpose and for the protection of Parrett, the DVO issued by the Fayette Family Court shall remain effective for thirty days after this opinion becomes final.
ALL CONCUR.

Former Judge Timothy N. Philpot presided over the January 17, 2018 DVO hearing.

We note that service on Parrett was attempted at the address listed as her home address in the EPO and DVO. Her petition also lists her work address, but apparently service was never attempted on her there.