RENDERED:  AUGUST 28, 2020; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2020-CA-000273-ME

ZACHARY W. MIOTKE                                                     APPELLANT


v.
APPEAL FROM PIKE CIRCUIT COURT
HONORABLE W. KENT VARNEY, JUDGE
ACTION NO. 19-D-00229-001


CHASE MICHAEL CHANEY                                              APPELLEE


OPINION
AFFIRMING

** ** ** ** **

BEFORE:  CLAYTON, CHIEF JUDGE; DIXON AND JONES, JUDGES.

DIXON, JUDGE:  Zachary W. Miotke ("Zach") appeals from the January 27, 2020, domestic violence order (DVO) entered by the Pike Circuit Court in favor of his minor stepchildren, G.C. and I.C.[1]  After careful review of the record, briefs, and law, and finding no error, we affirm.

---

[1]  Pursuant to the policy of this Court, to protect the privacy of minors, we refer to them only by their initials.  The petition was filed by the children's father, Chase Michael Chaney.

## FACTS AND PROCEDURAL BACKGROUND

On December 23, 2019, a petition/motion for order of protection was filed against Zach, alleging that he threatened to physically hit G.C. and I.C.[2] during visits with their mother, Elizabeth Ann Miotke, including visits in August and November 2019. It further alleged that on November 29, 2019, Zach attacked the family dog, causing the children to hide and cry. According to the petition, one of the children stated that anyone who abuses animals should die, and as she went into a bedroom, Zach followed and screamed that if he needed to die, f\*\*\* her.[3] The petitioner stated he was "afraid to send the girls in fear they will be harmed by [Zach] as he has already put his hands on their older sister before resulting in [an] EPO."[4] The trial court entered an EPO on the same day the petition was filed.

A hearing on the petition was held on January 27, 2020. Zach and Elizabeth testified in open court, G.C. and I.C. testified in chambers, and the girls' older sister testified via telephone.[5] Both G.C. and I.C. testified that Zach had threatened to hit them and that they had seen him hit their older sister and pull her hair. G.C. testified that Zach had hit her in the shoulder and arms when she was

---

[2] Eleven-year-old twin girls.

[3] The petition contained the actual profanity.

[4] Emergency protective order.

[5] The older sister was 17 at the time of the hearing.

about six or seven, as well as in August 2019. She also testified he had recently drug her by her hair, yelling at her to get "on the wall"—the phrase used by the family for time-out. I.C. testified that Zach had never actually hit her, nor had she seen him hit or pull G.C.'s hair. Zach and Elizabeth denied the children's allegations, as did the older sister. In fact, the older sister admitted she had fabricated her own past allegations of abuse in order to live with her father instead of her mother and Zach. When asked about the fabrications, she said she could not recall. Her mother's testimony was substantially the same.

On January 27, 2020, the trial court entered its DVO against Zach, and this appeal followed.

**STANDARD OF REVIEW**

To enter a DVO, the court must determine that a petitioner has shown by a preponderance of the evidence an act of domestic violence has occurred and may occur again. KRS[6] 403.750; *see also Bissell v. Baumgardner*, 236 S.W.3d 24, 29 (Ky. App. 2007). Additionally, the court must decide a petitioner is more likely than not to have been a victim of domestic violence. *Baird v. Baird*, 234 S.W.3d 385, 387 (Ky. App. 2007); *Wright v. Wright*, 181 S.W.3d 49, 52 (Ky. App. 2005). Our review is not to determine whether we would have decided the case differently but, rather, whether the trial court's findings were clearly erroneous or constituted

---

[6] Kentucky Revised Statutes.

an abuse of discretion. *Cherry v. Cherry*, 634 S.W.2d 423, 425 (Ky. 1982); *see also Carpenter v. Schlomann*, 336 S.W.3d 129, 130 (Ky. App. 2011).

CR[7] 52.01 provides that a trial court's "[f]indings of fact, shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge the credibility of the witnesses." *See also Reichle v. Reichle*, 719 S.W.2d 442, 444 (Ky. 1986). Findings are not clearly erroneous if they are supported by substantial evidence. *Moore v. Asente*, 110 S.W.3d 336, 354 (Ky. 2003). Substantial evidence is evidence of sufficient probative value which would permit a reasonable mind to accept as adequate the factual determinations of the trial court. *Id*. A reviewing Court must give due regard to the trial court's judgment on the credibility of the witnesses. *Id*.

### SUFFICIENCY OF ALLEGATIONS

On appeal, Zach contends the trial court erred in issuing a DVO because the petition failed to allege physical abuse or physical injury, or threats of the same, as required by KRS 403.730(1)(c), a subsection which does not exist. However, KRS 403.725(3)(c) requires a petition contain the "facts and circumstances which constitute the basis for the petition[.]" KRS 403.720(1) defines domestic violence and abuse as "physical injury, serious physical injury,

---

[7] Kentucky Rules of Civil Procedure.

. . . or the infliction of fear of imminent physical injury, serious physical injury, . . . between family members[.]" Here, the petition clearly included allegations of threats of physical injury. Thus, the petition was properly considered by the court.

## FEAR OF IMMINENT INJURY

In the case herein, evidence of violence and harm was presented, as was testimony regarding infliction of fear of imminent injury, abuse, or assault. Contrary to Zach's argument, the children testified that their fear of imminent physical injury was caused by Zach's continued threats to them, as opposed to the coaching of their father or grandmother. Zach's argument that the fear was instilled by third parties is unsupported by the record. The court's findings on this point were supported by substantial evidence and will not be overturned.

## SUFFICIENCY OF EVIDENCE

Zach's final argument is that the court's findings are not supported by a preponderance of the evidence. However, evidence of past physical threats and abuse, as well as the children's fear of imminent harm, support the trial court's conclusion. Although these acts are disputed by the parties, the evidence presented was sufficient to rise to the level of domestic violence, as the term is statutorily defined. As such, the court's findings were not entered against the weight of the evidence and did not amount to an abuse of discretion.

## CONCLUSION

Therefore, and for the foregoing reasons, the domestic violence order entered by the Pike Circuit Court is AFFIRMED.

ALL CONCUR.

BRIEF FOR APPELLANT:

Lawrence R. Webster
Pikeville, Kentucky

BRIEF FOR APPELLEE:

Amber Hunt Sisco
Pikeville, Kentucky