RENDERED: DECEMBER 11, 2020; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2019-CA-1772-ME

MICHA KYLE WILLIAMS                                     APPELLANT


APPEAL FROM HARDIN CIRCUIT COURT
v.          HONORABLE PAMELA ADDINGTON, JUDGE
ACTION NO. 19-D-00624-001


LISA CALEY WILLIAMS                                      APPELLEE

AND

NO. 2019-CA-1773-ME

MICHA KYLE WILLIAMS                                     APPELLANT


APPEAL FROM HARDIN CIRCUIT COURT
v.          HONORABLE PAMELA ADDINGTON, JUDGE
ACTION NO. 19-D-00627-001


JOSHUA JEAN WILLIAMS                                      APPELLEE

AND

NO. 2019-CA-1775-ME

MICHA KYLE WILLIAMS                                    APPELLANT


                        APPEAL FROM HARDIN CIRCUIT COURT
v.                HONORABLE PAMELA ADDINGTON, JUDGE
                        ACTION NO. 19-D-00628-001


JANICE MARGARETTA WILLIAMS                            APPELLEE

                                    AND


                            NO. 2019-CA-1777-ME

MICHA KYLE WILLIAMS                                    APPELLANT


                        APPEAL FROM HARDIN CIRCUIT COURT
v.                HONORABLE PAMELA ADDINGTON, JUDGE
                        ACTION NO. 16-D-00364-006


HARLEY JOANN WILLIAMS                                  APPELLEE


                                 OPINION
                                AFFIRMING

                            ** ** ** ** **

BEFORE:  LAMBERT, MAZE, AND L. THOMPSON, JUDGES.

LAMBERT, JUDGE:  Micha Kyle Williams appeals from the domestic violence orders entered on October 28, 2019, by the Hardin Circuit Court.  The appellees are Micha's ex-sister-in-law, brother, mother, and ex-wife, respectively.[1]  We affirm.

The incident leading to these actions occurred on October 10, 2019. Janice's affidavit, on her petition/motion for order of protection, described Micha's behavior on that date:

> I confronted Micha about his drinking.  He became angry and went in to put the kids to bed.  B[.W.] wasn't cooperating, so Micha was aggravated.  He let out the front door, saying he wasn't welcome.  I heard what sounded like someone tap[p]ing on the glass sliding door. My husband, Randy, said there were gun shots.  I heard Micha speed out the driveway.  Randy went out to check and he found Josh's (our youngest son['s]) dog dead. I'm concerned Micha isn't acting himself.  He takes medication and he stated it wasn't working.

The petitions filed by Lisa, Joshua, and Harley included similar allegations.  Lisa and Joshua further alleged that Micha had threatened to harm their other dogs (and had sent them text messages to that effect), that Micha had killed a neighbor's dog the previous year, and that he was "currently on probation for wanton endangerment" and was not permitted to carry a gun.  Harley's affidavit contained

---

[1]  Because all the parties share a surname, we shall refer to them by their first names.  The minor children will be referred to by their initials.

the additional information that her daughter (C.W.) was at Janice's house when the incident occurred.

A hearing was held in the Hardin Circuit Court on October 21, 2019, and all parties testified. Appellees repeated their allegations against Micha and offered exhibits of the text messages sent from Micha to them. Janice and her husband testified that the dog had been shot multiple times through the shed door. Micha defended his actions as self-protection. He testified that the dog had attacked him, causing him to shoot it. He offered photos of the alleged injury to his hand; he stated that he did not seek medical treatment for what he described as "puncture wounds." The record also contained Micha's "Kentucky criminal and protective order history" pursuant to Kentucky Revised Statute (KRS) 403.735(1)(a) for the circuit court's consideration.

At the hearing's conclusion, the parties or their counsel (Micha, Janice, and Harley were represented, Joshua and Lisa appeared *pro se*) made closing statements. Thereafter, the circuit court (for approximately twenty-four minutes) made detailed findings of fact on the record. The circuit court made a number of written notations on the docket sheet. The DVOs were entered the following week.

Another hearing was held on November 18, 2019, for the court to hear arguments and rule on Micha's motion to alter, amend, or vacate. This motion was

denied, and Micha filed his notices of appeal on November 27 of that same year. These matters were consolidated on February 19, 2020.

We begin our analysis by stating the standard of reviewing the propriety of a domestic violence order:

> "Domestic violence and abuse" is defined as "physical injury, serious physical injury, stalking, sexual abuse, assault, **or the infliction of fear of** imminent physical injury, serious physical injury, sexual abuse, or assault between family members or members of an unmarried couple[.]" Kentucky Revised Statutes (KRS) 403.720(1). "Any family member or any member of an unmarried couple may file for and receive protection . . . from domestic violence and abuse[.]" KRS 403.750(1). "Following a hearing . . . if a court finds by a preponderance of the evidence that domestic violence and abuse has occurred and may again occur, the court may issue a domestic violence order[.]" KRS 403.740(1). "Our review in this Court is not whether we would have decided the case differently, but rather whether the trial court's findings were clearly erroneous or an abuse of discretion." *Gibson v. Campbell-Marletta*, 503 S.W.3d 186, 190 (Ky. App. 2016).

*Clark v. Parrett*, 559 S.W.3d 872, 875 (Ky. App. 2018) (emphasis added). "The preponderance of the evidence standard is met when sufficient evidence establishes that the alleged victim 'was more likely than not to have been a victim of domestic violence.' *Commonwealth v. Anderson*, 934 S.W.2d 276, 278 (Ky. 1996)." *Baird v. Baird*, 234 S.W.3d 385, 387 (Ky. App. 2007).

With these standards in mind, we address Micha's contention that there is insufficient evidence to support the finding that domestic violence had occurred and was likely to occur again. KRS 403.740(1).

We disagree with Micha. Here the circuit court considered the testimony of the witnesses, the evidence submitted by all parties, and Micha's involvement with the court system. The circuit court stated on the record that, although the evidence presented was "a close call" and "a difficult case on a number of levels," it was not convinced that Micha's version of events was truthful. The court surmised that claiming self-defense was an "easy story for [Micha] to concoct after he had time to reflect on what he had done."

The circuit court was in the best position to judge the credibility of the witnesses and make the determination that the statutory definitions were met. *Clark*, 559 S.W.3d at 875. We shall not disturb those findings.

The orders of the Hardin Circuit Court are affirmed.

ALL CONCUR.

BRIEFS FOR APPELLANT:

Matthew Eliot Durham
Elizabethtown, Kentucky

BRIEF FOR APPELLEE
HARLEY JOANN WILLIAMS:

Dawn Logsdon Johnson
Radcliff, Kentucky

NO BRIEF FOR APPELLEES LISA
WILLIAMS, JOSHUA WILLIAMS,
OR JANICE WILLIAMS