RENDERED: APRIL 3, 2026; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2025-CA-0291-ME

CHASE ROMINE            APPELLANT

APPEAL FROM JEFFERSON CIRCUIT COURT
v.       HONORABLE LAUREN ADAMS OGDEN, JUDGE
ACTION NO. 24-D-504410-001

SHAYLA GEENE WEST; G.R. (A
CHILD); AND K.C.W. (A CHILD)          APPELLEES

OPINION VACATING
AND REMANDING

** ** ** ** **

BEFORE: ACREE, KAREM, AND TAYLOR, JUDGES.

ACREE, JUDGE: Chase Romine challenges the Domestic Violence Order (DVO)

entered against him by the Jefferson Circuit Court, Family Division. We vacate

and remand for further proceedings.

Appellee filed no brief in this case. Pursuant to RAP[1] 31(H)(3)(c),

this Court is authorized to deem that failure "a confession of error and reverse the

---

[1] Kentucky Rules of Appellate Procedure.

judgment without considering the merits of the case." We do consider that failure a confession of error by the family court, but we will consider the merits of the case, nonetheless.

Appellee Shayla West filed a petition for a protective order based on her allegations Chase sent her harassing and threatening text messages and repeatedly told the minor child he would harm Shayla. After a hearing, the family court entered a DVO in favor of both Shayla and the minor child, based on adoption of its oral findings on the record. This appeal followed.

Interpreting our statutes governing domestic violence orders, this Court said, relative to cases such as this:

> Prior to entry of a DVO, the court must find "from a preponderance of the evidence that an act or acts of domestic violence and abuse have occurred and may again occur . . . ." KRS[2] 403.750(1). The preponderance of the evidence standard is satisfied when sufficient evidence establishes the alleged victim was more likely than not to have been a victim of domestic violence. *Baird v. Baird*, 234 S.W.3d 385, 387 (Ky. App. 2007). The definition of domestic violence and abuse, as expressed in KRS 403.720(1), includes "physical injury, serious physical injury, sexual abuse, assault, or the infliction of fear of imminent physical injury, serious physical injury, sexual abuse, or assault between family members . . . ." The standard of review for factual determinations is whether the family court's finding of domestic violence was clearly erroneous. CR[3] 52.01; *Reichle v. Reichle*, 719 S.W.2d

---

[2] Kentucky Revised Statutes.

[3] Kentucky Rules of Civil Procedure.

442, 444 (Ky.1986). Findings are not clearly erroneous if they are supported by substantial evidence.

*Caudill v. Caudill*, 318 S.W.3d 112, 114–15 (Ky. App. 2010). Also relevant to this appeal is the definition of hearsay. "'Hearsay' is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." KRE[4] 801.

Chase's most direct argument is that the family court's findings were based on impermissible hearsay and not substantial evidence. We agree based on our complete review of the January 3, 2025 hearing.[5]

Chase attended the hearing in person, without aid of legal representation, and Shayla attended by video conferencing, also without counsel. In addition to the parties, the minor child's guardian *ad litem* (GAL) participated. The family court began by reading Shayla's petition into the record and asking her to adopt the petition as her testimony, which she did.

But Shayla's petition included the hearsay statement that the minor child told her that Chase had "been yelling at [minor child] saying he [was] going to kill me" and other threats. During the hearing, the family court inquired of

---

[4] Kentucky Rules of Evidence.

[5] Testimony and statements by the family court quoted from the hearing omit all verbal disfluencies (*e.g.*, "um," "uh," etc.).

Shayla how the minor child was doing. The court allowed Shayla to testify not from her own knowledge but by repeating statements allegedly made by the minor child. The court went even further, allowing Shayla to represent the child's thoughts and feelings regarding Chase, including: that the minor child was feeling "uncomfortable" and "doesn't want to deal with her dad"; that the child said, "I don't want to see [Chase]"; that the minor child "still has a paranoia in her about every time we bring up this subject or talk about [Chase]" offering as evidence of the perceived paranoia the minor child's statement, "My dad's not going to be there, is he?"; and that the minor child is "scared of her father." Video Record (VR) 1/3/25 at 11:17:00.

Later in the hearing, the minor child's GAL solicited hearsay from Shayla, asking: "Has your daughter ever spoken to you anything about drugs or anything like that?" VR 1/3/25 at 11:27:30 AM.

The family court addressed Chase in the courtroom, making oral findings as follows:

> Well, it does sound like there was a serious blow-up here, and serious threats were made, you know, in the presence of the child. And threatening the child's mother's life and placing that child in fear. And I just have to weigh, with your, you know, violent history, who I believe.

VR 1/3/25 11:38:50 AM. The trial court also made a written finding, based on Shayla's hearsay statement, that the minor child "reported [Chase] cooking drugs in her presence."

Little analysis is needed to reveal the error here. The child did not testify, and Shayla's testimony as to the child's words, thoughts, and feelings is impermissible hearsay.

In *Allen v. Gueltzow*, this Court addressed a near identical scenario in which a parent attempted to testify on behalf of a child. We explained:

> By allowing Robert to testify about statements made to him by his then six-year-old daughter, over Tyler's objection, the court allowed testimony in the record that constitutes hearsay. A DVO petition is subject to the same evidentiary standards as other forms of evidence. *Rankin v. Criswell*, 277 S.W.3d 621, 625 (Ky. App. 2008). Therefore, unless an exception applies, hearsay cannot be considered as evidence. While we respect the court's concern about having a six-year-old testify in court, there are numerous ways in which to protect children when they need to testify in court.

535 S.W.3d 333, 335 (Ky. App. 2017). The minor child in this matter was nine (9) years old at the time of the hearing. The family court's oral findings were based on impermissible hearsay the family court should not have considered. We remind the family court: "[T]he issuance of a DVO is a serious matter, in that it affords the victim protection from physical, emotional, and psychological injury. However,

the impact of having a DVO entered improperly, hastily, or without a valid basis can have a devastating effect on the alleged perpetrator." *Id.*

Because we vacate and remand based on the family court's reliance on hearsay, we need not reach Chase's remaining arguments as to whether the statutory elements of domestic violence were met. However, we emphasize two remaining points.

First, the respondent to a petition for a DVO must be afforded "a meaningful opportunity to be heard[.]" *Hawkins v. Jones*, 555 S.W.3d 459, 462 (Ky. App. 2018). During the hearing in this case, the family court repeatedly indicated its acceptance of Shayla's statements at face value even before hearing from Chase. For example, after the family court learned the minor child's age, the court opined: "Wow, that's pretty young to be dealing with this, yes." VR 1/3/25 11:17:40 AM. At that juncture, Chase had not yet been given an opportunity to respond or present any evidence.

Also, it cannot be said that a respondent has been afforded a *meaningful* opportunity to be heard where a family court appears to abandon her role as impartial adjudicator. "[A] dispassionate court is the defendant's only guaranty that his rights will be determined by the rule of law." *City of Cold Spring v. Ross*, 358 S.W.2d 507, 513 (Ky. 1962). The respondent to a DVO petition is entitled to nothing less. The trial court here did not appear to be dispassionate.

The family court judge even stepped out of the role circumscribed by the judicial Canons[6] to assist Shayla by providing the phone number for Legal Aid so she might pursue a custody action: "I just sent you a phone number for Legal Aid statewide hotline where they can kind of explain how to file a custody case, and then there's a website with all the forms." VR 1/3/25 11:19:35 AM.

We take no position on the ultimate merits of Shayla's petition, which contains disturbing allegations that might be proven with admissible evidence. Text messages entered into the record do not reflect well on Chase, nor did his lack of decorum after the family court made its oral findings. But Chase's courtroom decorum is not substantial evidence of domestic violence. Even where a family court simply "believes" a petitioner, that does not ensure due process if such belief goes beyond the guardrails of evidentiary rules and substantive and procedural law.

The January 3, 2025 DVO entered by the Jefferson Circuit Court, Family Division is vacated and this case is remanded for further proceedings consistent with this Opinion, the rules of evidence, legal precedent, and our judicial Canons.

ALL CONCUR.

---

[6] Supreme Court Rule (SCR) Canon 1: "A judge shall act at all times in a manner that promotes public confidence in the independence,* integrity,* and impartiality* of the judiciary, and shall avoid impropriety* and the appearance of impropriety."

BRIEF FOR APPELLANT:          NO BRIEF FOR APPELLEE.

Bethanni Forbush-Moss
Louisville, Kentucky