**MERIDIAN MUTUAL INSURANCE COMPANY, Appellant,**

v.

**Nancy E. WALKER, Appellee.**

Court of Appeals of Kentucky.

July 11, 1980.

G. William Clements, Louisville, for appellant.

Irvin Abell III, Steven K. Robison, Brown, Todd & Heyburn, Louisville, for appellee.

Before WHITE, GANT and HOGGE, JJ.

WHITE, Judge.

This appeal is taken from the determination by the Jefferson Circuit Court that under the facts presented herein, the attorney representing the injured party, rather than the attorney representing the subrogated insurance company, was entitled to the "reasonable attorneys' fee" under KRS 304.39–070(5).

In February 1977 appellee Walker was involved in a two-vehicle accident. Under the terms of her No-Fault insurance coverage issued by Meridian Mutual, Mrs. Walker recovered $6,037.76. Subsequently, a successful suit was pursued against the other parties to the accident in which it was established that the threshold figures required under the Motor Vehicles Reparations Act had been surpassed. Having become subrogated in the claim, Meridian Mutual was sustained in its motion to intervene in order to protect its interests. Subsequently, an intervening complaint was filed by appellant in which the $6,037.76 previously paid was sought to be recouped.

The lower court determined that the involvement of counsel for Meridian Mutual was so limited that the fee for collecting the subrogated amount should be awarded instead to counsel for appellee Walker. As noted on the order overruling appellant's claim for the fee, the

> [r]ecord shows that participation in action by counsel for Meridian has been limited solely to filing of Intervening Complaint, counsel for plaintiff having actually prosecuted action and having 'carried the burden.' Motion set for hearing this date. Counsel for Meridian did not appear.

Appellant urges that the issue on appeal centers about Meridian's right to have chosen its own counsel in pursuing the subrogation claim, that to award the attendant fee to Walker's counsel in some manner limited this freedom of choice. We disagree.

It is not to be questioned that KRS 304.-39–070 granted the privilege of representation in a subrogation claim to Meridian. In this the insurance company was unrestricted in its choice of qualified counsel. The question to be considered, however, centers about whether such chosen counsel should be entitled to a fee from the subrogation award based on little more than his status as attorney of record for the carrier when in actuality the recovery resulted from the involvement and efforts of the attorney for the injured party.

KRS 304.39–070(5) states that a "reasonable attorneys' fee" is to be granted to "[a]n attorney representing a secured person" in an action such as herein. In considering the use of the word "representing," appellant would have us believe that such is limited to the strict contractual arrangement normally existing between attorney and client. We choose, however, to apply a broader definition. "Representation" is to be taken as that which decidedly influences the opinion and action of the lower court. With such a view it cannot be held that participation limited to the filing of an intervening complaint can have had influence in determining the outcome. (Indeed, it is not to be overlooked that appellant's participation was so limited that he failed to appear at the hearing for his own motion in the award of fees.)

Again, we do not challenge the right of Meridian to employ an attorney of its own choice. Rather, we are addressing the issue of whether this counsel should be entitled to benefit from the award of a statutorily permissible fee when the burden relating to the subrogated recovery was unquestionably carried by another. It would be incongruous with established tenets of equity to permit such compensation. Through the efforts of Walker's attorney Meridian Mutual benefited. For this KRS 304.39–070(5) entitles one to a fee, to be limited by reasonableness.

We have concluded that regardless of the fact of the initial employment of counsel, if the employee's counsel actually bears the burden of obtaining recovery from the third party, then whoever takes the money is chargeable with a share of the fee. The fee

must, however, be a reasonable one. *Stacy v. Noble*, Ky., 361 S.W.2d 285, 289 (1962).

Accordingly, for the above-mentioned reasoning, the Jefferson Circuit Court is affirmed in the overruling of appellant's motion seeking the grant of that award.

All concur.