RENDERED: APRIL 23, 2021; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2019-CA-1790-MR

JOHN BYRNES                                                             APPELLANT


v.          APPEAL FROM JEFFERSON CIRCUIT COURT
            HONORABLE BARRY WILLETT, JUDGE
            ACTION NO. 19-CI-001454


KENTUCKY FARM BUREAU                                             APPELLEE
INSURANCE COMPANY


<u>OPINION AND ORDER</u>
<u>VACATING AND REMANDING</u>

** ** ** ** **

BEFORE: JONES, MAZE, AND TAYLOR, JUDGES.

TAYLOR, JUDGE: John Byrnes brings this appeal from a November 1, 2019,

Final Judgment of the Jefferson Circuit Court determining that Byrnes was not

entitled to attorney's fees pursuant to Kentucky Revised Statutes (KRS) 304.39-

070(5). We vacate and remand.

## MOTION TO STRIKE BYRNES' BRIEF

Before addressing the merits of the appeal, pending before this Court is Kentucky Farm Bureau Insurance Company's (Kentucky Farm Bureau) motion to strike Byrnes' appellate brief. By order entered July 29, 2020, a motion panel of this Court granted Byrnes' motion for additional time to file his brief and further passed Kentucky Farm Bureau's motion to strike Byrnes' brief to the merits panel that was ultimately assigned this case. No response to the motion to strike was filed.

The primary argument presented by Kentucky Farm Bureau is that Byrnes' brief fails to comply with Kentucky Rules of Civil Procedure (CR) 76.12. The argument is well taken. More specifically, Byrnes' brief completely fails to comply with CR 76.12(4)(c). First, Byrnes' brief fails to comply with CR 76.12(4)(c)(iv):

> A "STATEMENT OF THE CASE" consisting of a chronological summary of the facts and procedural events necessary to an understanding of the issues presented by the appeal, **with ample references to the specific pages of the record, or tape and digital counter number in the case of untranscribed videotape or audiotape recordings, or date and time in the case of all other untranscribed electronic recordings, supporting each of the statements narrated in the summary.**

CR 76.12(4)(c)(iv) (emphasis added); *see Commonwealth v. Roth*, 567 S.W.3d 591, 593 (Ky. 2019). Byrnes' statement of the case contains a one-sentence

paragraph which does nothing more than outline the underlying legal issue on appeal. The brief sets out no factual premise or procedural events and makes no reference to the record whatsoever.

Second, and equally noncompliant, Byrnes' brief does not comply with CR 76.12(4)(c)(v):

> An "ARGUMENT" conforming to the statement of Points and Authorities, with ample supportive references to the record and citations of authority pertinent to each issue of law and which shall contain at the beginning of the argument a statement **with reference to the record showing whether the issue was properly preserved for review and, if so, in what manner.**

CR 76.12(4)(c)(v) (emphasis added). Byrnes' argument does not contain any supportive references to the record on appeal nor any statements showing how the issue below was properly preserved for review.

The rules of appellate procedure are "critical" to effective appellate review and substantial compliance is mandatory. *Oakley v. Oakley*, 391 S.W.3d 377, 380-81 (Ky. App. 2012). And, it is not this Court's duty to scour the record on appeal to ensure that issues have been properly preserved for our review. *Koester v. Koester*, 569 S.W.3d 412, 414-15 (Ky. App. 2019). Compliance with CR 76.12(4)(c)(v) is a substantial requirement of appellate practice in Kentucky. *Elwell v. Stone*, 799 S.W.2d 46, 47 (Ky. App. 1990).

-3-

As this Court stated in *Hallis v. Hallis*, 328 S.W.3d 694 (Ky. App. 2010):

> It is a dangerous precedent to permit appellate advocates to ignore procedural rules. Procedural rules "do not exist for the mere sake of form and style. They are lights and buoys to mark the channels of safe passage and assure an expeditious voyage to the right destination. Their importance simply cannot be disdained or denigrated.
>
> . . . .
>
> Compliance with this rule permits a meaningful and efficient review by directing the reviewing court to the most important aspects of the appeal: what facts are important and where they can be found in the record[.]

*Id.* at 696 (citations omitted).

This Court has three options when a party fails to comply with the substantial requirements of CR 76.12: ignore the deficiency, strike the brief in whole or in part, or review only for manifest injustice. *Hallis*, 328 S.W.3d at 696; *see also* CR 76.12(8)(a). Given the singular legal issue presented as well the meager record on appeal, we decline to strike Byrnes' brief. Rather, we will consider the appeal on its merits with the admonition to Byrnes' counsel that future noncompliance will not be tolerated. We note that Byrnes, who is also an attorney, has at least two other pending appeals in this Court with the identical legal issue raised in this appeal. Failure of counsel to comply with CR 76.12 in those appeals

-4-

will likely result in having Byrnes' briefs being stricken and the appeals dismissed.[1]

## BACKGROUND

Byrnes was retained as attorney to represent Jorge Frontela Machin, Luis Gutierres, and Marisleydi Miranda in relation to a motor vehicle accident that occurred on January 20, 2016. It appears that Machin, Gutierres, and Miranda were insured by Kentucky Farm Bureau Insurance Company (Kentucky Farm Bureau) and received Basic Reparations Benefits (BRB) from Kentucky Farm Bureau.

By letter dated April 13, 2016, Kentucky Farm Bureau informed Byrnes that it would "pursue its own [Personal Injury Protection] PIP [BRB] subrogation." In conformity therewith, Kentucky Farm Bureau filed an arbitration proceeding to enforce its subrogation rights under KRS 304.39-070(3) against the alleged tortfeasor's insurance company.

Byrnes eventually secured a settlement from the alleged tortfeasor's insurance carrier, and Kentucky Farm Bureau obtained reimbursement for BRB in the arbitration proceeding. Byrnes then requested Kentucky Farm Bureau pay attorney's fees pursuant to KRS 304.39-070(5) based upon the recovery of BRB.

---

[1] We caution counsel for attorney John Byrnes that other panels of this Court may not be as willing to consider the merits of the appeal upon noncompliance with appellate rules.

Kentucky Farm Bureau refused the request and stated it was not legally obligated to pay such a fee to Byrnes.

As a result, Byrnes filed a complaint, as amended, in the Jefferson Circuit Court against Kentucky Farm Bureau.[2] Byrnes claimed that Kentucky Farm Bureau improperly failed to pay the mandated statutory attorney's fees under KRS 304.39-070(5). Byrnes sought recoupment of the appropriate fee and punitive damages for bad faith on behalf of Kentucky Farm Bureau.

Kentucky Farm Bureau answered the original complaint and subsequently filed a motion for judgment upon the pleadings after the amended complaint was filed. CR 12.03. In the motion, Kentucky Farm Bureau stated that it did not hire Byrnes, and he did not represent its subrogation interests. In particular, Kentucky Farm Bureau maintained that Byrnes did not confer a benefit upon the insurance company and that he was not entitled to any fee.

By Final Judgment entered November 1, 2019, the circuit court held that Byrnes was not entitled to attorney's fees under KRS 304.39-070(5). Relying upon *MFA Insurance Company v. Carroll*, 687 S.W.2d 553 (Ky. App. 1985), the Court concluded that Byrnes was "not entitled to a statutory attorney fee under

---

[2] The complaint was filed on March 6, 2019, and the amended complaint was ordered filed on May 7, 2019.

KRS 304.39-070(5) because [Kentucky Farm Bureau] elected to pursue arbitration to enforce its subrogation rights." Final Judgment at 2.

On appeal, Byrnes contends that the circuit court erred as a matter of law by concluding that he was not entitled to attorney's fees pursuant to KRS 304.39-070(5). Byrnes argues that the circuit court misinterpreted *MFA Insurance*, 687 S.W.2d at 553, in applying it to this case and erroneously disregarded the Kentucky Supreme Court's subsequent opinion in *Baker v. Motorists Insurance Companies*, 695 S.W.2d 415 (Ky. 1985). Citing to *Baker*, 695 S.W.2d 415, Byrnes asserts that he is entitled to reasonable attorney's fees under KRS 304.39-070(5) as he conferred a benefit upon Kentucky Farm Bureau.[3]

## ANALYSIS

We begin our analysis by setting forth KRS 304.39-070(5):

> An attorney representing a secured person in any action
> filed under KRS 304.39-060 shall be entitled to a
> reasonable attorneys' fee in the event that reparation
> benefits paid to said secured person by that secured
> person's reparation's obligor are reimbursed by any
> insurance carrier on behalf of a tortfeasor who is the
> defendant in any such action filed by the said secured
> person or in the event such potential "action" is settled by
> said potential tortfeasor's insurance carrier on his behalf
> prior to the filing of any such suit.

---

[3] While relying on *Baker v. Motorists Insurance Companies*, 695 S.W.2d 415 (Ky. 1985), in his argument on appeal, Byrnes also criticizes the opinion, saying it is "a bridge too far." Byrnes Brief at 9. Byrnes cannot have it both ways, and we are duty bound to follow Supreme Court precedent. Supreme Court Rule 1.030(8)(a).

The seminal case interpreting KRS 304.39-070(5) is the Kentucky Supreme Court's Opinion in *Baker*, 695 S.W.2d 415. In *Baker*, an attorney represented a victim of a motor vehicle accident. *Id.* The victim was insured by Motorists Insurance Companies (Motorists), and Motorists paid its insured BRB after the accident. The attorney did not represent Motorists. As liability was not at issue, the attorney settled the case with the tortfeasor's insurance carrier, and Motorists recovered BRB from said insurance carrier. Thereafter, the attorney sought payment of attorney's fees from Motorist under KRS 304.39-070. Motorists refused to pay such fees and filed the action. In concluding that attorney's fees were not mandated under its facts, the Supreme Court reasoned:

> This is a statutory attorney's fee. It is *not* dependent upon the reparation obligor employing the insured's attorney to represent its subrogation interest. *Morris and McGlincy v. Nationwide Mutual Ins. Co.,* Ky.App., 657 S.W.2d 248 (1983); *Meridian Mutual Ins. Co. v. Walker,* Ky.App., 602 S.W.2d 181 (1980). It is *not* dependent upon the reparation obligor joining in the personal injury action filed by the attorney filed on behalf of the reparation obligor's insured. Subsection Five (5) also applies "in the event such potential 'action' is settled by said potential tortfeasor's insurance carrier on his behalf prior to the filing of any such suit."
>
> Indeed, if the facts show that the attorney's representation of the insured conferred a benefit on the reparation obligor, Subsection Five (5) establishes the attorney's right to collect a reasonable fee from the reparation obligor for the benefit conferred which cannot be evaded or avoided. *Meridian Mutual Ins. Co. v. Walker, supra* at 182. Such a benefit results from

establishing liability, from establishing the right to payment of disputed medical expenses or wages, or by other proof of benefit conferred. . . .

It is not necessary that the reparations obligor employ the services of the injured party's attorney, either directly or impliedly, for the statutory fee to apply. If the attorney confers a benefit on the reparations obligor the reparations obligor cannot avoid the statutory fee by contingency agreement with the tortfeasor's carrier to abide by the results in the injured party's case, or otherwise. Nor is the statutory fee dependent upon proof that the attorney intended by his services to confer a benefit on the reparations obligor in addition to his client, if the proof shows that the result of his services did in fact confer such a benefit.

*Baker*, 695 S.W.2d at 416-17.

The Supreme Court held that the attorney was only entitled to the statutory fee if the attorney provided a benefit to the reparations obligor (insurance company). *Id.* The Court particularly stated, "[s]uch a benefit results from **establishing liability**, from establishing the right to payment of disputed medical expenses or wages, or by other proof of benefit conferred." *Id.* at 417 (emphasis added). Relying upon the particular facts therein, the Supreme Court in *Baker* determined that the attorney failed to demonstrate any benefit conferred, either directly or indirectly, upon Motorists.[4] *Id.*

---

[4] We do not view *Baker v. Motorists Insurance Companies*, 695 S.W.2d 415 (Ky. 1985) and *MFA Insurance Company v. Carroll*, 687 S.W.2d 553 (Ky. App. 1985) as conflicting. Contrary to the arguments set out in both parties' briefs, the Supreme Court in *Baker*, 695 S.W.2d 415, 417, approvingly cited to *MFA Insurance Company v. Carroll*, 687 S.W.2d 553. Citing to *MFA*,

In its Final Judgment, the circuit court noted that Byrnes did not represent Kentucky Farm Bureau and that Kentucky Farm Bureau sent Byrnes a letter informing him that it would pursue arbitration to recover BRB. Importantly, the circuit court concluded that Byrnes was not entitled to the statutory fee because Kentucky Farm Bureau "elected to pursue arbitration to enforce its subrogation rights." Final Judgment at 2. This is the extent of the circuit court's reasoning to support its decision. Notably absent is any discussion of whether Byrnes conferred a benefit upon Kentucky Farm Bureau as required by *Baker*, 695 S.W.2d at 417. However, the circuit court did note that Byrnes contends he conferred a benefit upon Kentucky Farm Bureau. And, in an attached affidavit to his amended complaint, Byrnes averred:

> 2. My office assisted the clients in obtaining and filling out the PIP applications.
>
> 3. My office translated the pip [*sic*] applications and translated the answers from the clients in order to return the form to Kentucky Farm Bureau.
>
> 4. My office returned the PIP applications to Kentucky Farm Bureau.
>
> 5. I opened the claims with the at fault drivers [sic] insurance company, Safeco.

---

the *Baker* Court specifically stated that "the Court of Appeals reached a similar result on similar facts." *Baker*, 695 S.W.2d at 417. In both *Baker*, 695 S.W.3d 415 and *MFA*, 687 S.W.2d 553, the attorneys sought a fee under Kentucky Revised Statutes 304.39-070(5), the attorneys did not represent the reparations obligor, liability was not in issue, and the attorneys did not confer a benefit upon the reparations obligor.

6. I directed the PIP benefits to be paid as the clients requested.

7. I obtained and gave to Kentucky Farm Bureau supporting documentation for lost wage claims.

8. I gave to Kentucky Farm Bureau the civilian report that was completed since no police report was done.

9. I made the clients available to Kentucky Farm Bureau to do taped statements in my office to support the claims asserted.

10. My office obtained all the medical records and bills and forwarded them to Safeco in order to assert the claim.

. . . .

12. There was no police report done on the collision, so my office had to document and attend recorded statements with both insurance companies to establish liability.

13. On or about November 29, 2016[,] the claims for Mr. Frontela Machin were resolved in favor of the Kentucky Farm Bureau insured paving the way for Kentucky Farm Bureau to recoup the PIP benefits paid on the claim.

The above actions taken by Byrnes could possibly be construed to constitute a benefit conferred upon Kentucky Farm Bureau. However, as noted, the circuit court did not address whether Byrnes' actions conferred a benefit, limiting the court's analysis to the arbitration proceeding initiated by Kentucky Farm Bureau.

Additionally, from the meager record on appeal, this Court is unable to conclude whether liability in the motor vehicle accident was contested or established.[5] In its motion for judgment on the pleadings, Kentucky Farm Bureau curiously argued:

> [A]s counsel for Machin, Gutierres, and Miranda, [Byrnes] had to prove liability and damages in order for his clients to establish entitlement to pain and suffering in tort from the at-fault party as a result of the motor vehicle accident. Any action [Byrnes] may have taken as counsel for Machin, Gutierres, and Miranda was neither a direct benefit nor a directly authorized service conferred onto Kentucky Farm Bureau in exercising its subrogation rights, and thus, cannot justify any award of attorney's fees.

Motion for judgment on the pleadings at 5-6. If Byrnes did in fact establish liability, the *Baker* Court specifically recognized that the establishment of liability would constitute a benefit conferred upon the reparations obligor. *See Baker*, 695 S.W.2d at 417.

Accordingly, we vacate and remand the Final Judgment rendered by the circuit court. Upon remand, the circuit court shall conduct an evidentiary hearing following the dictates of *Baker*, 695 S.W.2d at 417, and determine whether

---

[5] The settlement agreement entered into with the liability insurance carrier, Safeco, was not entered into the record of this case. Similarly, the arbitration award obtained by Kentucky Farm Bureau is also not a part of the record on appeal. The case was decided upon a Kentucky Rules of Civil Procedure 12.03 motion for judgment on the pleadings filed by Kentucky Farm Bureau, without any discovery having been taken. The hearing on the motion lasted approximately 17 minutes.

Byrnes conferred a benefit upon Kentucky Farm Bureau. If Byrnes conferred such a benefit, he is entitled to reasonable attorney's fees under KRS 304.39-070(5). On the other hand, as mandated by the Supreme Court in *Baker*, if there is no proof that Byrnes' work conferred any benefit on Kentucky Farm Bureau, directly or indirectly, then an award of the statutory fees will not be allowed. *Baker*, 695 S.W.2d at 417. After the determination of entitlement to the statutory fees, the circuit court then shall address Byrnes' remaining claims, if not otherwise rendered moot by the court's ruling.

For the foregoing reasons, the Final Judgment of the Jefferson Circuit Court is vacated and remanded for proceedings consistent with this Opinion. The motion to strike Byrnes' brief is DENIED.

ALL CONCUR.


ENTERED: April 23, 2021          /s/ Jeff S. Taylor_____
                                      JUDGE, COURT OF APPEALS


BRIEF FOR APPELLANT:          BRIEF FOR APPELLEE:

Jeffrey A. Sexton            Brian D. Stempien
Louisville, Kentucky         Jessica M. Stemple
                             Louisville, Kentucky