**Donald C. MORRIS and Dennis R. McGlincy, Appellants,**

v.

**NATIONWIDE MUTUAL INSURANCE COMPANY, Appellee.**

Court of Appeals of Kentucky.

Sept. 30, 1983.

Donald C. Morris, Louisville, for appellants.

Victor W. Ewen, Ewen, MacKenzie & Peden, P.S.C., Louisville, for appellee.

Before HOWERTON, COOPER and DUNN, JJ.

DUNN, Judge.

This appeal is from a Jefferson Circuit Court order overruling appellants' motion for attorney's fees pursuant to KRS 304.39.-070(5).

On February 29, 1980, Daniel Drake was a passenger in an automobile driven by Michael Gutman which was involved in a collision with an automobile being driven by Scott Tabor and owned by Linda Summers. Drake sustained personal injuries as a result of the accident. He received $4,095.92 from Nationwide Mutual Insurance Company, Gutman's insurer. Nationwide, in its pleadings, refers to this payment as being "Personal Injury Protection Benefits to and on behalf of Daniel D. Drake."

Drake, represented by appellants, Morris and McGlincy, sued Tabor, Summers and Gutman. Nationwide was granted leave to file an intervening complaint against Tabor's and Summer's insurer, Motorists Mutual Insurance Companies, for subrogation for the money it paid to Drake. Appellants, on Drake's behalf, and counsel hired by Motorists Mutual to defend Tabor and Summer settled the suit against them and entered an Agreed Order of Dismissal. This order was based on a settlement of $24,000.00, from which $4,095.92 was paid to Nationwide on its subrogation claim. Appellants moved for attorney's fees of $1,365.17, one third the amount recovered for the benefit of Nationwide, or for such sum as the court deemed reasonable. The motion was denied. Appellants appeal from the order of denial.

They argue that KRS 304.39–070(5) mandates that appellants, as attorneys for the injured party, are entitled to attorney's fees as a matter of law. This statute provides:

An attorney representing a secured person in any action filed under KRS 304.39–060 shall be entitled to a reasonable attorneys' fee in the event that reparation benefits paid to said secured person by that secured person's reparation's obligor are reimbursed by an insurance carrier on behalf of a tortfeasor who is the defendant in any such action filed by the said secured person or in the event such potential "action" is settled by said potential tortfeasor's insurance carrier on his behalf prior to the filing of any such suit.

Here, Drake, as an "occupant of a secured motor vehicle," was by statutory definition a "secured person." KRS 304.39–070. Therefore, Morris and McGlincy were representing a secured person who was paid reparations benefits which were reimbursed by an insurance carrier, Motorist Mutual, on behalf of tortfeasor-defendants, Summers and Tabor. Accordingly, we hold that appellants, Morris and McGlincy, are entitled to a reasonable attorney fee for the recovery on Nationwide's behalf. Determination of the amount of the fee lies within the sound discretion of the trial court. *Woodall*

*v. Grange Mutual Casualty Co.,* Ky., 648 S.W.2d 871 (1983).

The Jefferson Circuit Court is REVERSED and this case is REMANDED for proceedings consistent with this opinion.

All concur.