Nicholas BAKER, Appellant,

v.

MOTORISTS INSURANCE
COMPANIES, Appellee.

Supreme Court of Kentucky.

June 13, 1985.

As Modified on Denial of
Rehearing Sept. 5, 1985.

Nicholas Baker, Louisville, pro se.

William A. Miller, Sr., Louisville, for appellee.

LEIBSON, Justice.

Appellant, Nicholas Baker, is an attorney who asserts that he is entitled to a statutory fee from Motorist Insurance Companies ("Motorist") under KRS 304.39–070(5), a part of the Motor Vehicle Reparations Act (MVRA). It provides:

"An attorney representing a secured person in any action filed under KRS 304.-39–060 shall be entitled to a reasonable attorneys' fee in the event that reparation benefits paid to said secured person by that secured person's reparation's obligor are reimbursed by any insurance carrier on behalf of a tortfeasor who is the defendant in any such action filed by the said secured person or in the event such potential 'action' is settled by said

potential tortfeasor's insurance carrier on his behalf prior to the filing of any such suit."

Vickie Vaughn-Smith, Baker's client, was struck by a motor vehicle owned and operated by one Timothy Comstock, who was insured by Fireman's Fund Insurance Companies ("Fireman's Fund"). Baker's client carried motor vehicle insurance with Motorist that included basic reparations benefits. Motorist paid the client reparations benefits for medical expenses and lost wages while Baker was pursuing her personal injury claim against Comstock and his liability insurer, Fireman's Fund. Baker settled Ms. Vaughn-Smith's claim with Fireman's Fund before suit for $10,500. In addition Fireman's Fund issued a separate draft for $6,278.26, reimbursement for the medical expenses and lost wages paid by Motorist to the client as no-fault benefits, making the draft payable to both Baker and Motorist. Motorist claims that it is entitled to the full amount of this reimbursement, with no fee to Baker.

Baker filed the present suit against Motorist demanding a fee from the proceeds. The trial court conducted an evidentiary hearing, and decided that Baker was not entitled to a fee. It ordered Baker to endorse the draft in the amount of $6,278.26 over to Motorist Mutual, and dismissed Baker's case.

Baker's claim for his client against the tortfeasor's liability insurance carrier, Fireman's Fund, did not include reparations benefits. When he settled his client's claim with the tortfeasor's liability insurance carrier, Fireman's Fund, he did not claim to represent Motorist for its subrogation rights. In the circumstances, the only conceivable benefit to Motorist from appellant's representation of its insured would have been to establish disputed liability. But the record shows that liability was never in question. Motorist had notified Fireman's Fund directly of its subrogation for reparations benefits and payment was simply on hold awaiting disposition of the client's personal injury claim.

The question is whether the mandatory language of KRS 304.39–070(5) stating that the "attorney ... shall be entitled to a reasonable attorneys' fee in the event that reparations benefits ... are reimbursed by any insurance carrier on behalf of a tortfeasor," means that Motorist is required to pay Baker an attorney's fee. The trial court held that Baker "may be entitled to a reasonable attorney's fee, but reasonable may be zero." The Court of Appeals affirmed. We have accepted discretionary review to consider whether the statute mandates an attorney's fee in these circumstances. We conclude that it does not.

The appellant was unable to name anything he did that was of benefit or assistance to Motorist in collecting reimbursement for reparations benefits paid to his client. The statute in question, "Subsection Five (5) of KRS 304.39–070," is styled, " 'Secured person'—Obligor's rights to recovery."

The five subsections must be read as a whole. Subsection Three (3) provides that a reparation obligor, such as Motorist, having paid basic reparation benefits, may pursue reimbursement for such payment either by joining in an action that may be commenced by the person suffering the injury or by demanding reimbursement directly from the tortfeasor's liability insurance carrier followed by arbitration under KRS 304.39–290 if such reimbursement is not made.

The fact that these alternative remedies are established suggests that although the attorneys' fee language of Subsection Five (5) is mandatory, whether it applies depends on the circumstances.

Subsection Five (5) does not specify how the fee is to be computed. Instead it specifies a "reasonable attorney's fee." A reasonable interpretation of the word "reasonable," in context, is that it directs payment according to the circumstances of the case, rather than without regard to the circumstances of the case.

This is a statutory attorney's fee. It is *not* dependent upon the reparation obligor employing the insured's attorney to repre-

sent its subrogation interest. *Morris and McGlincy v. Nationwide Mutual Ins. Co.*, Ky.App., 657 S.W.2d 248 (1983); *Meridian Mutual Ins. Co. v. Walker*, Ky.App., 602 S.W.2d 181 (1980). It is *not* dependent upon the reparation obligor joining in the personal injury action filed by the attorney filed on behalf of the reparation obligor's insured. Subsection Five (5) also applies "in the event such potential 'action' is settled by said potential tortfeasor's insurance carrier on his behalf prior to the filing of any such suit."

■ Indeed, if the facts show that the attorney's representation of the insured conferred a benefit on the reparation obligor, Subsection Five (5) establishes the attorney's right to collect a reasonable fee from the reparation obligor for the benefit conferred which cannot be evaded or avoided. *Meridian Mutual Ins. Co. v. Walker, supra* at 182. Such a benefit results from establishing liability, from establishing the right to payment of disputed medical expenses or wages, or by other proof of benefit conferred. In a disputed case a reparation obligor which does not pursue arbitration cannot avoid a fee to the injured person's attorney by claiming it intended to later go to arbitration when the proof shows that liability was established by the attorney's efforts. It cannot notify the tortfeasor's insurance carrier of its subrogation and thereafter remain passive, leaving reimbursement subject to the outcome of the client's personal injury claim.

It is not necessary that the reparations obligor employ the services of the injured party's attorney, either directly or impliedly, for the statutory fee to apply. If the attorney confers a benefit on the reparations obligor the reparations obligor cannot avoid the statutory fee by contingency agreement with the tortfeasor's carrier to abide by the results in the injured party's case, or otherwise. Nor is the statutory fee dependent upon proof that the attorney intended by his services to confer a benefit on the reparations obligor in addition to his client, if the proof shows that the result of his services did in fact confer such a benefit.

■ But none of these scenarios applies here. Here a trial court found that the attorney's representation conferred no benefit on the reparation obligor, either directly or indirectly. Such finding was supported by substantial evidence. Indeed there was no testimony to contradict it. We agree with the trial court that in such circumstances where no benefit is conferred, a reasonable fee is no fee. In *MFA Insurance Co. v. Carroll*, Ky.App., 687 S.W.2d 553 (1985), the Court of Appeals reached a similar result on similar facts.

■ The appellee has made a constitutional "due process" and "equal protection" argument, claiming that the statute is unconstitutional if it mandates payment to an attorney whom the reparation obligor has not employed. We disagree. "[A]n insurer who elects to do business in the state also impliedly concents to be bound by the statutes regulating the industry." *Fireman's Fund Ins. Co. v. Bennett*, Ky.App., 635 S.W.2d 482, 485 (1981), *affirmed as Fireman's Fund Ins. Co. v. Government Employees Ins. Co.*, Ky., 635 S.W.2d 475 (1982).

The statute intends no windfall for either side. In the particular circumstances of this case where liability was conceded, where the reparations obligor had notified the tortfeasor's insurer of its subrogation, where its right to payment was not in dispute, and where there is no proof that the attorney's work conferred any benefit on the reparations obligor, directly or indirectly, we agree with the trial court that a reasonable fee is no fee.

The judgment of the trial court and the decision of the Court of Appeals is affirmed.

STEPHENS, C.J., and AKER, GANT, LEIBSON and WINTERSHEIMER, JJ., concur.

VANCE, J., dissents by separate opinion.

STEPHENSON, J., joins in his dissent.

VANCE, Justice, dissenting.

In this case, the appellee, Motorists Insurance Companies, raised the issue that K.R.S. 304.39–070(5) is unconstitutional because it deprives the Insurance Carrier of its property without due process of law and denies equal protection of law because it requires a carrier to pay a fee to an attorney it did not employ.

It was entirely unnecessary to decide the constitutional question because we upheld the decision of the trial court that a reasonable fee in this case was no fee at all. Our opinion should end at that point, under the well-established principle that we do not decide constitutional issues if the case can be resolved on some other basis. But the opinion goes on to state that the court disagrees with the contention that the statute is unconstitutional. The opinion gives no reason for this holding except a statement that "an insurer who elects to do business in the state also impliedly consents to be bound by the statutes regulating the industry."

I do not believe that one choosing to do business in this state impliedly agrees to be bound by regulatory statutes, even if they are unconstitutional.

If we are going to uphold the constitutionality of the statute, we should do so for a better reason in a case where the constitutionality of the statute is directly in issue, and a decision of the case on another ground does not render a decision on the constitutionality of the statute unnecessary.

STEPHENSON, J., joins in this dissent.