RENDERED: MARCH 11, 2022; 10:00 A.M.
TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2021-CA-0706-MR

JOHN BYRNES                                                                    APPELLANT

v.                    APPEAL FROM JEFFERSON CIRCUIT COURT
                      HONORABLE MITCH PERRY, JUDGE
                      ACTION NO. 19-CI-006726

NATIONWIDE MUTUAL
INSURANCE COMPANY                                                              APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE:  CLAYTON, CHIEF JUDGE; CETRULO AND GOODWINE,
JUDGES.

CETRULO, JUDGE:  This is an appeal from a decision of the Jefferson Circuit

Court which granted summary judgment to the Appellee insurer on a claim by an

attorney for fees under Kentucky Revised Statute ("KRS") 304.39-070.  For

reasons that will be set forth below, we affirm the trial court in this case.

## PROCEDURAL BACKGROUND

This case arose out of an automobile accident that occurred in November of 2015. Appellant John Byrnes ("Byrnes") represented a client by the name of Jeevan Poudel ("Mr. Poudel") in a claim for injuries from that accident. Mr. Poudel was insured with Appellee, Nationwide, who paid basic reparation benefits to Mr. Poudel pursuant to his policy and Kentucky's Motor Vehicle Reparations Act ("MVRA"), specifically KRS 304.39-060. The at-fault party to that accident was insured with Canal Insurance ("Canal"). The record reflects that Canal assumed liability upon its driver for Mr. Poudel's damages within six months of the 2015 accident. They paid the full amount of property damage to Mr. Poudel's vehicle and made an offer of settlement to Byrnes for his client's bodily injury claim which was rejected. Suit was filed by Byrnes on behalf of his client against Canal's insured and resolved by settlement within nine months.

As part of the settlement, Canal then separately reimbursed Nationwide for basic reparation benefits it had paid to its insured, Mr. Poudel. Byrnes then filed this lawsuit asserting that he is entitled to a statutory attorney's fee from Nationwide under KRS 304.39-070(5). That section provides:

> An attorney representing a secured person in any action filed under KRS 304.39-060 shall be entitled to a reasonable attorneys' fee in the event that reparation benefits paid to said secured person by that secured person's reparation[] obligor are reimbursed by any insurance carrier on behalf of a tortfeasor who is the

defendant in any such action filed by the said secured person or in the event such potential "action" is settled by said potential tortfeasor's insurance carrier on his behalf prior to the filing of any such suit.

KRS 304.39-070(5).

After filing this suit, Byrnes moved for a hearing on the sole issue of his entitlement to attorney's fees from Nationwide. Byrnes asserted that the statute is clear and mandatory in that it uses the term "shall." Nationwide contended that Byrnes' work did not "confer any benefit" upon it and relied upon case law interpreting that statute, specifically *Baker v. Motorists Insurance Companies*, 695 S.W.2d 415 (Ky. 1985). The trial court conducted a full hearing and considered briefs of both parties before ruling in favor of Nationwide on June 2, 2021.

**STANDARD OF REVIEW**

The trial court considered both parties' briefs and arguments and conducted a hearing on the matter before ruling that Byrnes was not entitled to a fee in this case. In so holding, the trial judge held that Byrnes was correct that he was entitled to a "reasonable fee" pursuant to KRS 304.39-070(5). However, the court concluded that the evidence in this case demonstrated that zero was a reasonable fee. Obviously, the court below found the evidence of any benefit Byrnes provided to Nationwide to be lacking.

As the proper interpretation of statutes is an issue of law, the Court of Appeals' review is generally *de novo*. *Clark Cty. Att'y v. Thompson*, 617 S.W.3d

427, 431 (Ky. App. 2021). Moreover, the court below, in essence, granted a summary judgment in favor of the Appellee, after considering briefs and conducting a hearing. An appellate court employs a *de novo* standard of review on questions concerning the propriety of a trial court's ruling on a motion for summary judgment. *Cmty. Fin. Servs. Bank v. Stamper*, 586 S.W.3d 737, 741 (Ky. 2019). Here, we look at the trial court's application of the law and statute to these facts to determine whether there was any abuse of discretion because "[d]etermination of the amount of the fee lies within the sound discretion of the trial court." *Morris v. Nationwide Mut. Ins. Co.*, 657 S.W.2d 248, 249-50 (Ky. App. 1983) (citing *Woodall v. Grange Mut. Cas. Co.*, 648 S.W.2d 871 (Ky. 1983)).

## ANALYSIS

The leading case on the interpretation of KRS 304.39-070(5) is *Baker v. Motorists Insurance Companies*, the decision relied upon by Nationwide. In *Baker*, as here, the attorney filed suit against his own client's insurer, Motorists, demanding a fee after Motorists received reimbursement from the tortfeasor's insurer. *Baker*, 695 S.W.2d. at 415-16. The Kentucky Supreme Court took discretionary review after this Court, and the trial court therein, had both concluded that the "reasonable fee" was zero, stating:

> The question is whether the mandatory language of KRS 304.39-070(5) stating that the "attorney . . . shall be entitled to a reasonable attorneys' fee in the event that reparations benefits . . . are reimbursed by any insurance

carrier on behalf of a tortfeasor," means that Motorist is required to pay Baker an attorney's fee.

*Id.* at 416 (citing KRS 304.39-070(5)).

In *Baker*, our Supreme Court specifically held that the statute does not mandate an attorney's fee, in contravention of the very argument made herein by Byrnes. *Id.* To the contrary, the Court noted that all of the subsections of the statute must be read as a whole, suggesting that although the attorney's fee language of Subsection Five (5) is mandatory, "whether it applies depends on the circumstances." *Id.*

As Nationwide points out in the case at bar, Byrnes' claim below for his client was against Mr. Poudel. He did not pursue a claim for reparation benefits and did not claim to represent Nationwide for its subrogation rights. In fact, Nationwide sent letters to Byrnes and to Canal, notifying of its intention to pursue its own subrogation claim. Nationwide did not intervene nor agree in any way to employ Byrnes to obtain its basic reparation benefits reimbursement from Canal. Rather, the record confirms that Nationwide dealt directly with Canal to obtain reimbursement without any intervention or assistance from Byrnes.

In *MFA Insurance Company v. Carroll*, this Court held that where no benefit is conferred upon the reparation obligor by the attorney representing the secured person, either directly or indirectly, a "reasonable attorney's fee" may be zero. 687 S.W.2d 553, 554-55 (Ky. App. 1985).

The trial court in this case noted that Byrnes failed to present any evidence of such benefit being conferred upon Nationwide, other than a self-serving affidavit. We have reviewed the deposition testimony and hearing, as well as the briefs below and affidavit, and must agree with the trial court. Nationwide clearly notified Byrnes that it was pursuing subrogation for the benefits it had paid to Byrnes' client. Similarly, Nationwide clearly advised Byrnes that it would handle and seek personal injury protection ("PIP") subrogation on its own from Canal. Finally, Canal conceded liability upon its insured even prior to the filing of the suit by Byrnes. When Canal was ultimately able to reach an agreement to settle with Byrnes, on behalf of his client, it promptly paid Nationwide its subrogation claim as provided for by KRS 304.39-070(3) of the statute.[1]

Our Supreme Court in *Baker* did note that "**if** the facts show that the attorney's representation of the insured conferred a benefit on the reparation obligor, Subsection Five (5) establishes the attorney's right to collect a reasonable fee from the reparation obligor for the benefit conferred which cannot be evaded or avoided." *Baker*, 695 S.W.2d. at 417 (citing *Meridian Mut. Ins. Co. v. Walker*, 602

---

[1] Subsection Three (3) provides that a reparation obligor, having paid basic reparation benefits, may pursue reimbursement for such payment either by joining in an action that may be commenced by the person suffering the injury or by demanding reimbursement directly from the tortfeasor's liability insurance carrier followed by arbitration under KRS 304.39-290 if such reimbursement is not made.

S.W.2d 181 (Ky. App. 1980)). "It is *not* dependent upon the reparation obligor employing the insured's attorney to represent its subrogation interest." *Id.* at 416-17 (citing *Meridian*, 602 S.W.2d at 182; *Morris*, 657 S.W.2d 248). Examples given of proof of such a benefit included establishing liability, establishing the right to payment of disputed medical expenses or wages, or other proof of some benefit conferred. The Court in *Baker* particularly stated, "[s]uch a benefit results from establishing liability, from establishing the right to payment of disputed medical expenses or wages, or by other proof of benefit conferred." *Id.* at 417. In this case, we agree with the court below that there simply was no evidence of any benefit being conferred by Byrnes upon Nationwide to warrant the fee sought.

Finally, Byrnes argues that the ethical rules of professional conduct do not contemplate that an attorney would owe any benefit or duty to non-parties, such as Nationwide in this case. Byrnes further argues that the stated purpose of the "No-Fault" Act was to provide prompt payment to victims of motor vehicle accidents without regard to liability, and that the entire legislative purpose was to benefit those victims and not the insurance companies. He further suggests that *Baker* essentially mandates a conflict of interest by requiring an attorney representing his or her injured client to confer a benefit simultaneously upon the insurance carrier. In the proper case, and before our Supreme Court, these might be valid arguments that should be addressed. However, as mandated by our

Supreme Court in *Baker*, if there is no proof that Byrnes' work conferred any benefit on Nationwide, directly or indirectly, then an award of the statutory fees will not be allowed. 695 S.W.2d at 417. The trial court found no such proof in this case, and we cannot therefore consider those arguments in this matter.

## CONCLUSION

For the reasons set forth herein, we AFFIRM the order of the Jefferson Circuit Court.

ALL CONCUR.

BRIEF FOR APPELLANT:

Jeffrey A. Sexton
Louisville, Kentucky

BRIEF FOR APPELLEE:

Joshua J. Leckrone
Ryan M. Glass
Louisville, Kentucky