RENDERED: APRIL 1, 2022; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2021-CA-0113-MR

JOHN W. BYRNES                                                    APPELLANT

v.              APPEAL FROM JEFFERSON CIRCUIT COURT
               HONORABLE A. C. MCKAY CHAUVIN, JUDGE
               ACTION NO. 19-CI-005615

GEICO GENERAL INSURANCE CO.                                       APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE: CLAYTON, CHIEF JUDGE; DIXON AND JONES, JUDGES.

JONES, JUDGE: Attorney John W. Byrnes brings this appeal from the Jefferson

Circuit Court's order granting summary judgment in favor of GEICO General

Insurance Co. ("GEICO"). Byrnes argues that the circuit court erred when it

concluded that he was not entitled to an attorney fee pursuant to KRS[1] 304.39-

---

[1] Kentucky Revised Statutes.

070(5). Having reviewed the record and being otherwise sufficiently advised, we affirm.

## I. BACKGROUND

Byrnes is licensed to practice law in the Commonwealth of Kentucky. He was retained to represent two individuals insured by GEICO ("the Insureds") following a motor vehicle accident which occurred in August of 2015. The accident occurred when a commercial truck rear ended the vehicle occupied by the Insureds causing their vehicle to collide with a third vehicle. Byrnes assisted the Insureds in applying for basic reparation benefits from GEICO pursuant to KRS 304.39-030 and recovering bodily injury and property damage from Gallagher Bassett Services, Inc. ("Gallagher Bassett"), the third-party insurance administrator for the commercial truck that rear ended the Insureds. After GEICO paid reparation benefits to the Insureds, it submitted a claim for reimbursement to Gallagher Bassett.

It does not appear that Gallagher Bassett ever disputed that the commercial truck was liable for the accident. In October 2015, it paid the Insureds' property damage claim. Byrnes then undertook to settle the Insureds' bodily injury claims with Gallagher Bassett. Ultimately, with Byrnes's assistance, the Insureds agreed to settle their bodily injury claims for $10,000 each. On February 11, 2016, the Insureds executed a release of all claims in favor of

-2-

Gallaher Bassett and the commercial truck. The release neither required Gallagher

Bassett to reimburse GEICO for the basic reparation benefits that GEICO paid out

nor did it reference such a payment. Rather, it appears that Gallagher Bassett

voluntarily paid GEICO's claim for reimbursement sometime after the settlement.

In September 2019, Byrnes filed a complaint against GEICO seeking

a reasonable attorney's fee pursuant to KRS 304.39-070; he also alleged that

GEICO's failure to voluntarily pay his attorney's fee constituted negligence *per se*

and bad faith entitling him to an award of punitive damages. Byrnes attached an

affidavit to his complaint detailing the work he performed for the Insureds.

According to Byrnes's affidavit, he provided notice of the claim to Gallagher

Bassett, ordered a copy of the police report, submitted a copy of the police report

to Gallagher Bassett, submitted the Insureds' medical records and bills to

Gallagher Bassett, and negotiated a settlement on behalf of the Insureds after

which GEICO was reimbursed for the reparation benefits it paid out to the

Insureds.

GEICO moved for judgment on the pleadings. The circuit court

granted the motion in part dismissing Byrnes's claims for negligence, bad faith and

punitive damages leaving only Byrnes's claim that he was owed a fee pursuant to

KRS 304.39-070(5). Ultimately, the circuit court concluded that GEICO was

entitled to summary judgment on this remaining claim because Byrnes had failed

to put forth any evidence to prove that his representation conferred a benefit on GEICO, either directly or indirectly.  Following entry of the circuit court's judgment in GEICO's favor, Byrnes filed this appeal.

## II. STANDARD OF REVIEW

"On appeal, the standard of review for a summary judgment is to ascertain whether the trial court correctly determined that no genuine issue of material fact existed, entitling the moving party to judgment as a matter of law." *City of Versailles v. Johnson*, 636 S.W.3d 480, 482-83 (Ky. 2021).  "Because summary judgment does not require findings of fact but only an examination of the record to determine whether material issues of fact exist, we generally review the grant of summary judgment without deference to either the trial court's assessment of the record or its legal conclusions."  *Hammons v. Hammons*, 327 S.W.3d 444, 448 (Ky. 2010).

## III. ANALYSIS

Before we address the substance of Byrnes's appeal, we must first consider GEICO's assertion that Byrnes's alleged noncompliance with our appellate briefing rules warrants striking his brief and dismissing this appeal.  In support of its argument, GEICO cites to our unpublished opinion in *Byrnes v. Kentucky Farm Bureau Insurance Company*, No. 2019-CA-1790-MR, 2021 WL 1583865 (Ky. App. Apr. 23, 2021), wherein we chastised Byrnes and his counsel

for failing to file a brief that complied with CR[2] 76.12(4)(c).[3] While we did not impose a penalty on Byrnes or his counsel in the prior appeal, GEICO points out that in the opinion we warned the two that "future noncompliance will not be tolerated" and would "likely result in having Byrnes' briefs being stricken and the appeals dismissed." *Id.* at *2. GEICO maintains that Byrnes and his counsel have failed to heed our warning and have once again filed a largely noncompliant brief. It points out that the argument section of Byrnes's brief lacks a statement of preservation and the brief as a whole does not contain the ample citations to the record required by our Civil Rules.

In *Kentucky Farm Bureau*, we were particularly nonplussed because Byrnes's brief essentially lacked a statement of the case. *Id.* at *1. We explained: "Byrnes's statement of the case contains a one-sentence paragraph which does nothing more than outline the underlying legal issue on appeal. The brief sets out no factual premise or procedural events and makes no reference to the record whatsoever." *Id.* We further observed that Byrnes's argument section did not contain any supportive references to the record on appeal nor any statements showing how the issue on appeal was properly preserved for review. *Id.*

---

[2] Kentucky Rules of Civil Procedure.

[3] The Hon. Jeffery A. Sexton represents Byrnes in this appeal; he also represented Byrnes in the *Kentucky Farm Bureau* appeal in addition to several other appeals before this Court.

-5-

While Byrnes's current appellant brief may not be the model of appellate perfection, it is a far cry from being as deficient as his prior brief. The statement of the case is four paragraphs long and contains citations to the record. While not as detailed as one might like, it explains the issue in the context of this appeal and lays out the basic procedural history of the matter with citations to the record. And, while Byrnes admittedly once again failed to include a preservation statement at the beginning of the argument section of his brief, he did provide sufficient citations in his statement of the case for us to ascertain where and how the issue before us was presented to the circuit court. Accordingly, we decline to impose a penalty on Byrnes, and will review the merits of this appeal.

Byrnes's argument that GEICO owes him an attorney fee is based on KRS 304.39-070(5), which states:

> An attorney representing a secured person in any action filed under KRS 304.39-060 shall be entitled to a reasonable attorneys' fee in the event that reparation benefits paid to said secured person by that secured person's reparation's obligor are reimbursed by any insurance carrier on behalf of a tortfeasor who is the defendant in any such action filed by the said secured person or in the event such potential "action" is settled by said potential tortfeasor's insurance carrier on his behalf prior to the filing of any such suit.

Byrnes maintains that the circuit court erred when it granted summary judgment to GEICO because it is undisputed that his representation of the Insureds satisfies the

-6-

statute's requirements thereby making GEICO responsible for paying him a reasonable attorney fee.

The circuit court's judgment was based on its application of *Baker v. Motorist Insurance Companies*, 695 S.W.2d 415 (Ky. 1985). Like Byrnes, Baker was an attorney who represented an insured involved in a motor vehicle accident. Baker's client also received reparation benefits from her carrier, Motorists, and then reached a settlement with the other driver and his insurance carrier, Fireman's Fund. After the settlement, Fireman's Fund voluntarily reimbursed Motorists for the reparation benefits it paid to Baker's client. Attorney Baker, like Byrnes, then unsuccessfully sought to collect an attorney's fee from Motorists pursuant to KRS 304.39-070(5) resulting in litigation. The attorney fee issue eventually made its way to the Kentucky Supreme Court for a decision regarding whether "the statute mandates an attorney's fee in these circumstances." *Baker*, 695 S.W.2d at 416.

After examining the statute as a whole, the *Baker* Court reasoned that while KRS 304.39-070(5) is mandatory, "whether it applies depends on the circumstances." *Id.* Ultimately, the Court held that "if the facts show that the attorney's representation of the insured conferred a benefit on the reparation obligor, Subsection Five (5) establishes the attorney's right to collect a reasonable fee from the reparation obligor for the benefit conferred which cannot be evaded or avoided." *Id.* at 417. It clarified that the benefit could be either direct or indirect.

-7-

*Id.* The Court then held that Baker was not entitled to a fee because he had not shown he conferred any benefit on Motorists. The Court pointed out that liability was never in question, the settlement was with the client only, and Motorists had independently notified Fireman's Fund of its subrogation claim, which Fireman's Fund voluntarily paid after the settlement.[4]

Notwithstanding *Baker*, Byrnes argues that there is a genuine issue of material fact as to which aspects of his legal work benefited GEICO making the circuit court's entry of summary judgment in GEICO's favor improper. However, we cannot identify where Byrnes presented any evidence that materially distinguishes his representation of the Insureds from Baker's representation of his client. "In the particular circumstances of this case where liability was conceded, where the reparations obligor had notified the tortfeasor's insurer of its subrogation, where its right to payment was not in dispute, and where there is no proof that the attorney's work conferred any benefit on the reparations obligor,

---

[4] Specifically, the Court explained:

> Baker's claim for his client against the tortfeasor's liability insurance carrier, Fireman's Fund, did not include reparations benefits. When he settled his client's claim with the tortfeasor's liability insurance carrier, Fireman's Fund, he did not claim to represent Motorist for its subrogation rights. In the circumstances, the only conceivable benefit to Motorist from appellant's representation of its insured would have been to establish disputed liability. But the record shows that liability was never in question. Motorist had notified Fireman's Fund directly of its subrogation for reparations benefits and payment was simply on hold awaiting disposition of the client's personal injury claim.

*Id.* at 416.

directly or indirectly, we agree with the trial court that a reasonable fee is no fee."

*Id.* at 417.

This brings us to Byrnes's second, alternative argument that *Baker* was wrongly decided and should be overruled. He explains that in *Baker* the Supreme Court inserted the requirement of a conferred benefit in contravention of the statute's plain language, which makes the payment of the fee automatic at the point of reimbursement. Byrnes argues that more recent cases by the Kentucky Supreme Court, such as *Smith v. McGill*, 556 S.W.3d 552, 555 (Ky. 2018), explicitly condemn the type of statutory interpretation employed by the *Baker* court, and make clear that the Kentucky Supreme Court "will no longer read a requirement into the statute that is not found within its plain language."[5]

Byrnes maintains that *Baker* suffers from the same judicial overreaching that the Supreme Court condemned in *Smith.* However, it is not for this Court to determine whether *Baker* was correctly decided. "As an intermediate appellate court, this Court is bound by published decisions of the Kentucky Supreme Court. SCR[6] 1.030(8)(a). The Court of Appeals cannot overrule the

---

[5] In *Smith*, the Court overruled a long line of cases requiring a financial imbalance to be present before a court can award attorney's fees pursuant to KRS 403.220. The *Smith* Court pointed out that the statute itself made no mention of a financial disparity and only required the trial court to consider the financial resources of both parties. Finding no statutory basis to support the financial imbalance requirement, the Court reversed prior case law that was inconsistent with the plain language of the statute.

[6] Rules of the Supreme Court.

established precedent set by the Supreme Court[.]" *Kindred Healthcare, Inc. v. Henson*, 481 S.W.3d 825, 829 (Ky. App. 2014).

In conclusion, neither the circuit court nor this Court has the authority to overrule *Baker*, which is directly on point. The circuit court's judgment in favor of GEICO is consistent with *Baker* and its interpretation of KRS 304.39-070(5) meaning we must affirm the circuit court. Our decision in this regard renders Byrnes's remaining arguments moot.

## IV. CONCLUSION

For the foregoing reasons, we affirm the judgment of the Jefferson Circuit Court.

ALL CONCUR.

BRIEF FOR APPELLANT:

Jeffrey A. Sexton
Louisville, Kentucky

BRIEF FOR APPELLEE:

Charles H. Stopher
Louisville, Kentucky