RENDERED: APRIL 7, 2023; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2022-CA-0676-MR

KENTUCKY FARM BUREAU
MUTUAL INSURANCE COMPANY                                         APPELLANT

v.                 APPEAL FROM JEFFERSON CIRCUIT COURT
                   HONORABLE BRIAN C. EDWARDS, JUDGE
                   ACTION NO. 20-CI-006298

CHARLES R. STREICH                                              APPELLEE

OPINION
VACATING AND REMANDING

** ** ** ** **

BEFORE: THOMPSON, CHIEF JUDGE; COMBS AND JONES, JUDGES.

JONES, JUDGE: Kentucky Farm Bureau ("KFB") appeals from an order of the

Jefferson Circuit Court granting judgment on the pleadings to attorney Charles R.

Streich, awarding attorney's fees and other relief pursuant to KRS[1] 304.39-070(5).

For the reasons explained below, we vacate and remand.

---

[1] Kentucky Revised Statute.

## I.    FACTUAL AND PROCEDURAL BACKGROUND

On February 14, 2015, Randy Bullitt was involved in a motor vehicle accident ("MVA"). Bullitt was insured by KFB and the other driver, Robert Creech, was insured by Auto-Owners Insurance Company ("AOIC"). Bullitt sustained injuries and received medical treatment. He filed an application for personal injury protection benefits ("PIP") and KFB paid the benefits. Sometime after the MVA, the police report that was initially issued was changed and a second report issued. Although not contained in the record before us, Streich alleges the first report was corrected to place liability for the MVA with Creech; however, both Creech and AOIC have continuously denied liability. Bullitt retained Streich to represent him and, in 2017, with Streich's assistance filed a bodily injury claim against Creech in Jefferson Circuit Court.

The bodily injury claim remained on the circuit court's docket for several years. Eventually, Bullitt, Creech, and AOIC engaged in settlement negotiations. At no time did KFB intervene in the case for a subrogation claim and in fact sent a letter to Streich in August 2020, stating it would pursue subrogation on its own and that Streich in no way represented KFB. At some point, KFB applied for arbitration for its subrogation claim against AOIC. Bullitt ultimately settled his bodily injury claim with Creech. However, although AOIC signed the settlement agreement in June 2020, Streich refused to sign on behalf of Bullitt.

Emails contained in the record before us show Streich insisted on attorney's fees pursuant to KRS 304.39-070(5) before signing the settlement agreement. In response, AOIC repeatedly reminded Streich that settlement of the bodily injury claim was exclusive of PIP, and that any statutory claim for attorney's fees by Streich must be addressed with KFB. Although Streich eventually signed the settlement with AOIC, he claimed a lien for attorney's fees.

In October 2020, AOIC filed the underlying complaint for interpleader and declaratory judgment in the Jefferson Circuit Court. The complaint stated AOIC was in possession of nine thousand dollars ($9,000) for PIP reimbursement and asked the circuit court to clarify disbursement of the funds because Streich claimed attorney's fees and KFB was owed for its subrogation claim. Streich filed an answer, counter- and cross-claim stating he is entitled to three thousand six hundred dollars ($3,600) in attorney's fees. On June 1, 2021, Streich filed a motion for attorney's fees along with an affidavit that was not notarized. Both AOIC and KFB filed responses. KFB asserted that whether Streich is entitled to attorney's fees is a question of fact. AOIC argued PIP was not part of the settlement agreement and Streich is not entitled to attorney's fees.[2]

---

[2] AOIC also cited Streich's failure to move the bodily injury case forward, stating he "never tendered an interrogatory, tendered a request for production of documents or took a deposition."

Eventually, the circuit court ordered AOIC to pay $9,000 to KFB, and KFB was to hold onto the funds pending further orders. AOIC was dismissed from the action.

On November 7, 2021, Streich filed a motion for judgment on the pleadings. The next day, KFB filed a notice that interrogatories and requests for production had been propounded on Streich.[3] Streich then filed a motion to hold discovery in abeyance. On December 16, 2021, the circuit court denied the motion to hold discovery in abeyance but granted Streich's motion for judgment on the pleadings. He was awarded $3,600 in attorney's fees plus interest from the date KFB received the funds from AOIC, as well as account statements from KFB showing how the funds were handled after receipt. At that point, KFB filed a motion to set aside the judgment and for additional time to respond to Streich's motion for judgment on the pleadings. The circuit court granted KFB's motion. However, on May 10, 2022, after numerous other filings by the parties, the circuit court entered a perfunctory order reinstating its original order granting Streich's motion for judgment on the pleadings and attorney's fees, interest, and KFB's financial statements to Streich. The circuit court also adopted "the findings articulated by Defendant Streich in his motion for judgment on the pleadings." This appeal followed. Further facts will be developed as necessary.

---

[3] KFB later stated it did not receive a copy of Streich's motion when it was filed.

## II. STANDARD OF REVIEW

We first note that Streich incorrectly styled his motion as relief pursuant to CR[4] 12.03 (judgment on the pleadings), and the circuit court treated it as such. However, matters outside of the record were presented by the parties that were not excluded by the circuit court. *See* CR 12.03;[5] *Craft v. Simmons*, 777 S.W.2d 618, 620 (Ky. App. 1989). Our standard of review is well-established:

> Kentucky's "[CR] 12.03 provides that any party to a lawsuit may move for a judgment on the pleadings." *City of Pioneer Vill. v. Bullitt Cty.*, 104 S.W.3d 757, 759 (Ky. 2003). A judgment on the pleadings "should be granted if it appears beyond doubt that the nonmoving party cannot prove any set of facts that would entitle him/her to relief." *Id.* "[T]he circuit court is not required to make any factual determination; rather, the question is purely a matter of law." *James v. Wilson*, 95 S.W.3d 875, 883-84 (Ky. App. 2002). Further, CR 12.03 may be treated as a motion for summary judgment. *Schultz v. Gen. Elec. Healthcare Fin. Servs., Inc.*, 360 S.W.3d 171, 177 (Ky. 2012). We review a judgment on the pleadings *de novo. Id.*

*Scott v. Forcht Bank, NA*, 521 S.W.3d 591, 594 (Ky. App. 2017).

---

[4] Kentucky Rule of Civil Procedure.

[5] CR 12.03 states, "[a]fter the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings. If, on such motion, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided for in Rule 56, and all parties shall be given reasonable opportunity to present all materials made pertinent to such a motion by Rule 56."

# III. ANALYSIS

On appeal, KFB argues the circuit court erred, in part, because whether Streich was entitled to attorney's fees is a question of fact and the circuit court erroneously entered an order granting a judgment on the pleadings in favor of Streich before discovery was complete. We agree.

KRS 304.39-070(5) reads

> [a]n attorney representing a secured person in any action filed under KRS 304.39-060 shall be entitled to a reasonable attorneys' fee in the event that reparation benefits paid to said secured person by that secured person's reparation's obligor are reimbursed by any insurance carrier on behalf of a tortfeasor who is the defendant in any such action filed by the said secured person or in the event such potential "action" is settled by said potential tortfeasor's insurance carrier on his behalf prior to the filing of any such suit.

Streich's position is that he is entitled to attorney's fees under the statute because he (1) filed a lawsuit in tort against the tortfeasor (Creech); and (2) successfully negotiated a settlement with the tortfeasor.

The Kentucky Supreme Court has interpreted KRS 304.39-070(5) to mean that the attorney is entitled to fees only "if the facts show that the attorney's representation of the insured conferred a benefit on the reparation obligor[.]" *Baker v. Motorists Ins. Companies*, 695 S.W.2d 415, 417 (Ky. 1985). This includes establishing liability. *Id.* Additionally, this Court recently reiterated "that where no benefit is conferred upon the reparation obligor by the attorney

-6-

representing the secured person, either directly or indirectly, a 'reasonable attorney's fee' may be zero." *Byrnes v. Nationwide Mutual Insurance Company*, 647 S.W.3d 558, 560 (Ky. App. 2022) (citation omitted). In other words, any benefit conferred upon Bullitt through Streich's representation in the bodily injury action does not necessarily mean a benefit was conferred on KFB vis-à-vis the subrogation claim.

Streich maintains his efforts to get the police report revised to place liability on Creech is what eventually established liability and entitled KFB for PIP reimbursement from AOIC. However, the record before us is rife with questions of fact. For example, in one of his emails to AOIC in August 2020, Streich claimed it took "the better part of a year" to get the police report corrected. However, a letter from Streich to KFB dated June 15, 2015, references the police report had been corrected by the date of the letter, or within 4 months of the date of the MVA. Streich did not submit an accounting of his time to the circuit court with his motion for attorney's fees; however, KFB attempted to obtain this information in the interrogatories and request for production of documents propounded upon Streich that remain unanswered. KFB does point out that Streich's responses to its

requests for admissions contradict his affidavit regarding his efforts to change the police report.[6]

Additionally, Streich claims he notified KFB of his lien for attorney's fees in June 2020, but the letter contained in the record before us was addressed only to AOIC. KFB asserts it was not notified of Streich's lien until after it had filed for arbitration. Regardless, by simply adopting the allegations contained in Streich's motion for judgment on the pleadings, the circuit court denied KFB the opportunity to present counter evidence because discovery was truncated, and a hearing was never held.

We also note that even if Streich was responsible for getting a corrected police report, this does not automatically establish liability. Police reports are generally considered hearsay. "Pursuant to the Kentucky Rules of Evidence ('KRE') 803(8), a police report is not exempt from hearsay, unless it is offered for an admissible purpose." *Allen v. Gueltzow*, 535 S.W.3d 333, 335 (Ky. App. 2017). Therefore, the police report, which was never submitted to the circuit court and does not appear in the record before us, cannot be used to establish fault for the MVA. *Bradley*, 642 S.W.3d at 739.

---

[6] Additionally, we cannot say that the police report, as a matter of law, established liability, especially where it would not have been admissible at any trial. *Bradley v. Commonwealth*, 642 S.W.3d 731, 739 (Ky. App. 2021) ("[A] police report could not be lawfully considered as evidence of fault for the accident.").

It is unclear from the record before us if AOIC's willingness to reimburse KFB for PIP, even though AOIC and Creech have continuously denied liability, was brought about by the changed police report, KFB's filing for arbitration, or some other reason that may or may not have been the result of a benefit conferred on KFB by Streich. This Court has ruled that

> in instances such as this where a reparations obligor has elected to pursue its KRS 304.39-070 subrogation rights by applying for arbitration rather than by intervening as a party in its insured's pending tort action, and has not employed the attorneys for the insured to represent its interests, those attorneys are not entitled to the award of an attorneys' fee under KRS 304.39-070(5) merely because the insurer's subrogation claim is subsequently paid.

*MFA Ins. Co. v. Carroll*, 687 S.W.2d 553, 555 (Ky. App. 1985).

As previously stated, KFB did not intervene in the underlying tort action and subsequently filed for arbitration. However, AOIC preempted arbitration by filing the underlying interpleader action in circuit court. Reading *Carroll* in conjunction with *Baker*, Streich still needs to demonstrate he conferred a benefit upon KFB in order to collect attorney's fees under KRS 304.39-070(5), and this is a question of fact.

### IV. CONCLUSION

Accordingly, we vacate the circuit court's order granting a judgment on the pleadings to Streich and remand for proceedings consistent with this

opinion, including completion of discovery already initiated by KFB.[7] Because we are remanding with instructions, we decline to address KFB's remaining arguments.

ALL CONCUR.

BRIEFS FOR APPELLANT:

Valerie W. Herbert
Louisville, Kentucky

BRIEF FOR APPELLEE:

Charles R. Streich
Louisville, Kentucky

---

[7] Streich cites *Woodall v. Grange Mutual Casualty Company*, 648 S.W.2d 871 (Ky. 1983), in support of his argument that he is entitled to attorney's fees. However, in the cases cited by both parties, and in *Byrnes*, whether attorney's fees were permitted pursuant to KRS 304.39-070(5) was decided only after a hearing was held by the circuit court. In an unpublished opinion, *Byrnes v. GEICO General Insurance Company*, No. 2021-CA-0113-MR, 2022 WL 982325 (Ky. App. Apr. 1, 2022), this Court affirmed the circuit court's order granting summary judgment to GEICO because Byrnes failed to put forth any evidence to prove that his representation conferred a benefit on GEICO. This was in spite of the fact the record contained an affidavit from Byrnes detailing his work in the bodily injury case. In the instant action, Streich's affidavit focuses on the changed police report, but does not detail his efforts or time involved in obtaining said report.