RENDERED: SEPTEMBER 1, 2023; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2021-CA-1346-MR

JOHN BYRNES            APPELLANT

APPEAL FROM JEFFERSON CIRCUIT COURT
v.      HONORABLE ANGELA MCCORMICK BISIG, JUDGE
ACTION NO. 19-CI-006323

NATIONWIDE MUTUAL
INSURANCE COMPANY            APPELLEE

AND

NO. 2021-CA-1369-MR

NATIONWIDE MUTUAL
INSURANCE COMPANY            CROSS-APPELLANT

CROSS-APPEAL FROM JEFFERSON CIRCUIT COURT
v.      HONORABLE ANGELA MCCORMICK BISIG, JUDGE
ACTION NO. 19-CI-006323

JOHN W. BYRNES            CROSS-APPELLEE

<u>OPINION</u>
<u>AFFIRMING APPEAL NO. 2021-CA-1346-MR</u>
<u>AND AFFIRMING CROSS-APPEAL NO. 2021-CA-1369-MR</u>

** ** ** ** **

BEFORE: EASTON, GOODWINE, AND TAYLOR, JUDGES.

TAYLOR, JUDGE: John Byrnes brings Appeal No. 2021-CA-1346-MR from

Findings of Fact & Conclusions of Law entered October 27, 2021, by the Jefferson

Circuit Court and Nationwide Mutual Insurance Company (Nationwide) brings

Cross-Appeal No. 2021-CA-1369-MR from the same order.

This case involves a claim made by attorney John W. Byrnes for

attorney's fees allegedly owed to him by Nationwide pursuant to Kentucky

Revised Statute (KRS) 304.39-070(5), as relates to Byrnes' representation of two

of Nationwide's insureds, Guillermo Lopez and Maria Berrios. The Jefferson

Circuit Court granted Byrnes a portion of the attorney's fees he requested. In

Appeal No. 2021-CA-1346-MR, Byrnes appeals the circuit court's determination

that only 4.8 hours out of the total 15.3 hours he billed for representation of Lopez

and Berrios were compensable pursuant to the statute.[1] Byrnes also appeals the

court's determination that his additional claims against Nationwide for

---

[1] In his complaint and at the evidentiary hearing, John W. Byrnes, asserted that he was entitled to a contingent fee of one-third of Nationwide Mutual Insurance Company's (Nationwide) recovery from Liberty Mutual Insurance Company for Personal Injury Protection (PIP) benefits paid. On appeal, Byrnes makes no reference in his brief to the contingent fee claim nor will we consider the same given that there exists no legal authority under Kentucky Revised Statutes (KRS) 304.39-070 to award a contingent fee.

-2-

compensatory and punitive damages were not legally recoverable.[2]  For the reasons

stated, we affirm this direct appeal.  In Cross-Appeal No. 2021-CA-1369-MR,

Nationwide contests the circuit court's determination that KRS 304.39-070(5)

obligated the company to compensate Byrnes for $1,200 in attorney's fees for his

alleged representation of its insureds.  Upon review, we also affirm the circuit

court's ruling in the cross-appeal.

## I.     BACKGROUND

Lopez and Berrios were Nationwide's insureds at all relevant times.

They were involved in an automobile collision on December 11, 2015, with

another individual, Isaac Kelley, at the intersection of Third Street and Kingston

Avenue in Louisville.  An officer of the Louisville Metro Police Department

responded to the scene and ultimately cited Kelley; according to the police report,

a witness had confirmed that Kelley caused the collision by running a red light.

Byrnes is an attorney whose work includes representing clients

involved in automobile collisions, for which he typically charges a contingency

---

[2] The Jefferson Circuit Court made this ruling by interlocutory order entered July 20, 2020.  This order was made final by the court's ruling on October 27, 2021.  While the circuit court's July 20, 2020, order included the finality recitations of Kentucky Rules of Civil Procedure (CR) 54.02(1), it only addressed *part* of Byrnes' claim relating to KRS 304.39-070(5) – specifically, it only held that Byrnes could not legally claim compensatory and punitive damages for Nationwide's purported "negligent violation" of that provision.  However, "a determination that adjudicates only part of a claim cannot be made final." *Tax Ease Lien Investments 1, LLC v. Brown*, 340 S.W.3d 99 (Ky. App. 2011) (citations omitted).  Accordingly, for purposes of our review, the entirety of Byrnes' claim stemming from KRS 304.39-070(5) is properly before this Court on appeal.

fee. Lopez and Berrios hired Byrnes to represent them in connection with their collision with Kelley. Byrnes had Spanish speaking employees who assisted Lopez and Berrios in completing their application for no-fault Personal Injury Protection (PIP) payments from Nationwide.

On May 16, 2016, Nationwide made PIP payments totaling $20,000 on behalf of Lopez and Berrios to a chiropractor who treated them for alleged soft-tissue injuries resulting from the collision. On November 15, 2016, Lopez and Berrios entered into a settlement and general release of any claims they may have had against Kelley; they never filed suit against him. On February 13, 2017, Nationwide initiated arbitration proceedings against Kelley's insurer, Liberty Mutual, for reimbursement of its PIP payments to its insureds. In Nationwide's arbitration application, the company sought full reimbursement of the $20,000 PIP payments; and in the "contentions" section of its application, Nationwide represented that "[l]iability is not an issue as Liberty Mutual has accepted liability." On May 8, 2017, the arbitration resulted in an award in favor of Nationwide and against Liberty Mutual for $19,000, representing Nationwide's claimed reimbursement of $20,000 for its PIP payments, less a $1,000 "inter-company offset." The arbitration award specified a "0" offset for "comparative negligence."

In 2019, Byrnes filed suit against Nationwide in Jefferson Circuit Court.[3] In sum, Byrnes believed Nationwide owed him an attorney's fee stemming from his representation of Lopez and Berrios because those two individuals undisputedly qualified as "secured person(s)" pursuant to KRS 304.39-070(1); he had provided them legal representation in an action that had been settled, but potentially could have been filed under KRS 304.39-060; Nationwide qualified as Lopez and Berrios' primary "reparations obligor," and had been reimbursed for its PIP payments by Kelley's insurance carrier, Liberty Mutual; and as a result of that reimbursement, KRS 304.39-070(5) provided for Byrnes to receive a reasonable attorney's fee from Nationwide.

In his complaint, Byrnes alleged that he had requested what he believed was a "reasonable" attorney's fee from Nationwide pursuant to KRS 304.39-070(5) (a contingent fee of one-third of what Liberty Mutual had reimbursed Nationwide for PIP benefits); that Nationwide had refused his request; and that Nationwide was therefore liable to him for damages for "violating" KRS 304.39-070(5) through its refusal to pay him what he believed he was owed. Due to this "violation," Byrnes asserted Nationwide was negligent *per se* and owed him

---

[3] Byrnes initially filed his action against Nationwide in Oldham Circuit Court. Thereafter, it was removed and refiled in federal court, and subsequently refiled in Jefferson Circuit Court.

not only a "reasonable attorneys' fee," but also compensatory and punitive damages.[4]

Nationwide answered the complaint, denying liability. Following a period of discovery, Nationwide then moved for partial summary judgment, arguing that a "violation" of KRS 304.39-070(5) does not provide legal grounds for compensatory or punitive damages. On July 20, 2020, the circuit court granted Nationwide's motion. The parties then proceeded with discovery regarding the remainder of Byrnes' attorney's fee claim. Byrnes was subsequently deposed by Nationwide. Upon denying Nationwide's motion for summary judgment, the case proceeded to an evidentiary hearing on August 19, 2021, whereupon the case was taken under submission by the circuit court.

On October 27, 2021, the circuit court rendered findings of fact and conclusions of law. The circuit court determined that Byrnes was entitled to be compensated by Nationwide for 4.8 hours out of the total 15.3 hours Byrnes had claimed to have spent representing Lopez and Berrios. The circuit court reasoned that the remaining "10.7 hours" of the work performed by Byrnes was, in furtherance of his efforts to secure PIP payments from Nationwide and was

---

[4] In his complaint, Byrnes also claimed Nationwide was liable for what he characterized as Nationwide's "bad faith" refusal to pay him what he believed he was owed, and he asserted Nationwide had therefore acted in violation of the Kentucky Unfair Claims Settlement Practices Act (KUCSPA), KRS 304.12-230 and 235. The circuit court dismissed Byrnes' KUCSPA claim in the interlocutory order entered on July 20, 2020. Byrnes does not take issue with the circuit court's disposition of his KUCSPA claim in this appeal nor have we addressed same.

therefore noncompensable.[5]  Upon determining that $250 per hour was a "reasonable" rate consistent with KRS 304.39-070(5), the circuit court awarded Byrnes an attorney's fee from Nationwide in the amount of $1,200 for 4.8 hours of work in establishing the tortfeasor's liability which benefitted Nationwide in its efforts to recover its PIP payments from Liberty Mutual.

This appeal and cross-appeal followed.  Additional facts will be discussed as necessary in the Opinion.

## II.     ANALYSIS

### 1. Byrnes v. Nationwide – Appeal No. 2021-CA-1346-MR

In his direct appeal, Byrnes effectively presents two arguments.  First, he argues that the circuit court erred by failing to award Byrnes a reasonable attorney fee.  The court found that only 4.8 hours of his work on the case conferred a benefit for Nationwide in its efforts to recover PIP benefits from Liberty Mutual under KRS 304.39-070(5), which Byrnes asserts was not a reasonable fee.  Byrnes' second argument looks to the circuit court's denial of his claim for compensatory

---

[5] At the evidentiary hearing, Byrnes attempted to introduce an exhibit detailing his billable hours of service in this case from December of 2015 through May of 2016.  He had testified previously at his deposition that he had not kept hourly time for this case.  The circuit court denied the admission of the exhibit but allowed Byrnes to testify regarding the hours of legal service he had performed in the case.  Notwithstanding, the exhibit is in the Record at page 261-262.  Byrnes testified he had worked 15.3 hours on the case although the hours on the exhibit actually totaled 15.5 hours.

and punitive damages in enforcing his alleged statutory right to the attorney fee provided for in KRS 304.39-070(5).

We begin our analysis by setting forth KRS 304.39-070(5):

An attorney representing a secured person in any action filed under KRS 304.39-060 shall be entitled to a reasonable attorneys' fee in the event that reparation benefits paid to said secured person by that secured person's reparation's obligor are reimbursed by any insurance carrier on behalf of a tortfeasor who is the defendant in any such action filed by the said secured person or in the event such potential "action" is settled by said potential tortfeasor's insurance carrier on his behalf prior to the filing of any such suit.

The leading case interpreting KRS 304.39-070(5) is the Kentucky Supreme Court's Opinion in *Baker v. Motorist Insurance Companies*, 695 S.W.2d 415 (Ky. 1985). In *Baker*, an attorney represented a victim of a motor vehicle accident. The victim was insured by Motorist Insurance Companies (Motorists), and Motorists paid its insured PIP benefits after the accident. The attorney did not represent Motorists. As liability was not at issue, the attorney settled the case with the tortfeasor's insurance carrier, and Motorists recovered the PIP payment from the tortfeasor's insurance carrier. Thereafter, the victim's attorney sought payment of attorney's fees from Motorists under KRS 304.39-070. Motorists refused to pay the fees and the attorney filed a lawsuit. In concluding that attorney's fees were not mandated under its facts, the Supreme Court reasoned:

This is a statutory attorney's fee. It is *not* dependent upon the reparation obligor employing the insured's attorney to represent its subrogation interest. *Morris and McGlincy v. Nationwide Mutual Ins. Co.*, Ky. App., 657 S.W.2d 248 (1983); *Meridian Mutual Ins. Co. v. Walker*, Ky. App., 602 S.W.2d 181 (1980). It is *not* dependent upon the reparation obligor joining in the personal injury action filed by the attorney filed on behalf of the reparation obligor's insured. Subsection Five (5) also applies "in the event such potential 'action' is settled by said potential tortfeasor's insurance carrier on his behalf prior to the filing of any such suit."

Indeed, if the facts show that the attorney's representation of the insured conferred a benefit on the reparation obligor, Subsection Five (5) establishes the attorney's right to collect a reasonable fee from the reparation obligor for the benefit conferred which cannot be evaded or avoided. *Meridian Mutual Ins. Co. v. Walker*, *supra* at 182. Such a benefit results from establishing liability, from establishing the right to payment of disputed medical expenses or wages, or by other proof of benefit conferred. In a disputed case a reparation obligor which does not pursue arbitration cannot avoid a fee to the injured person's attorney by claiming it intended to later go to arbitration when the proof shows that liability was established by the attorney's efforts. It cannot notify the tortfeasor's insurance carrier of its subrogation and thereafter remain passive, leaving reimbursement subject to the outcome of the client's personal injury claim.

It is not necessary that the reparations obligor employ the services of the injured party's attorney, either directly or impliedly, for the statutory fee to apply. If the attorney confers a benefit on the reparations obligor the reparations obligor cannot avoid the statutory fee by contingency agreement with the tortfeasor's carrier to abide by the results in the injured party's case, or otherwise. Nor is the statutory fee dependent upon proof

that the attorney intended by his services to confer a
benefit on the reparations obligor in addition to his client,
if the proof shows that the result of his services did in
fact confer such a benefit.

*Baker*, 695 S.W.2d at 416-17.

The Supreme Court held in *Baker* that the attorney was only entitled to the statutory fee if the attorney provided a benefit to the reparations obligor (insurance company). *Id.* The Court particularly stated "[s]uch a benefit results from **establishing liability**, from establishing the right to payment of disputed medical expenses or wages, or by other proof of benefit conferred." *Id.* at 417 (emphasis added). Relying upon the particular facts therein, the Supreme Court in *Baker* determined that the attorney failed to demonstrate any benefit conferred, either directly or indirectly, upon Motorists. *Id.*

In this case, the circuit court followed the dictates of *Baker*, 695 S.W.2d at 417, and conducted an evidentiary hearing to determine whether Byrnes conferred a benefit upon Nationwide. Thereafter, the circuit court rendered findings of fact and conclusions of law, ultimately awarding Byrnes $1,200 in legal fees under the statute.

The evidentiary hearing effectively constituted a bench trial whereupon our standard of review is governed by Kentucky Rules of Civil Procedure (CR) 52.01. Under CR 52.01 the trial court is required to make specific findings of fact and state separately its conclusions of law relied upon to render the

-10-

court's judgment. Further, those "[f]indings of fact, shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge the credibility of the witnesses." CR 52.01. A trial court's decision is not clearly erroneous if it is supported by substantial evidence. *Owens-Corning Fiberglas Corp. v. Golightly*, 976 S.W.2d 409, 414 (Ky. 1998). "[S]ubstantial evidence" is "evidence of substance and relevant consequence having the fitness to induce conviction in the minds of reasonable men." *Id.* (citations omitted). While giving deference to the lower court's factual findings, this Court's review of legal conclusions from a bench trial is *de novo*. *Sawyers v. Beller*, 384 S.W.3d 107, 110 (Ky. 2012).

At the evidentiary hearing, Byrnes was the only witness to testify. Based on his testimony, the circuit court found that only 4.8 hours of his time spent on the case was compensable. On appeal, Byrnes fails to explain how this finding was in error, or how a fee of $1,200 was unreasonable. Similarly, he does not explain what other billable hours he performed were compensable other than his bare assertion of entitlement to a "reasonable fee." The court heard the testimony, judged the credibility of the only witness, Byrnes, and concluded that 4.8 hours of billable time was compensable under the statute. The findings of the circuit court are not clearly erroneous nor do we find any legal error in the circuit court's conclusions of law. The determination of a reasonable attorney's fee for Byrnes

-11-

under the statute clearly rests within the sound discretion of the circuit court, which we will not disturb nor substitute our judgment for. *Woodall v. Grange Mut. Cas. Co.*, 648 S.W.2d 871, 873 (Ky. 1983).

Byrnes, in arguing that *Baker* was improvidently decided by our Supreme Court, invites this Court to harmonize KRS 304.39-070(5) with what he asserts are conflicting Kentucky Supreme Court opinions on the statutory attorney's fee issue. We decline the invitation. We believe *Baker* is controlling in the interpretation of KRS 304.39-070(5) and as an intermediate appellate court, we are duty bound to follow the applicable precedents set out in opinions of the Kentucky Supreme Court. Kentucky Supreme Court Rule 1.030(8)(a). And, we note that the circuit court below correctly followed *Baker* in rendering its findings of fact and conclusions of law.

Byrnes' final issue raised in his direct appeal looks to the circuit court's denial of his claim for compensatory and punitive damages. Again, we find no error in the circuit court's ruling. Byrnes alleges that Nationwide's "intentional violation" of KRS 304.39-070(5) warrants an award of compensatory and punitive damages under the statute. We find no legal authority to support this argument. The exclusive remedy for Byrnes' claim is the "reasonable attorneys' fee" stated in KRS 304.39-070(5). It is well established Kentucky law that "where a statute both declares the unlawful act and specifies the civil remedy available, the aggrieved

party is limited to the remedy provided by the statute." *Foster v. Ky. Farm Bureau Mut. Ins. Co.*, 189 S.W.3d 553, 557 (Ky. 2006) (citation omitted). The Kentucky Motor Vehicle Reparation Act (MVRA), KRS 304.39 *et seq.* is a comprehensive law that limits an attorney's remedy for obtaining reimbursement of basic reparation benefits payments to his or her reasonable fees. Byrnes therefore may not legally recover any damages beyond the reasonable attorney's fees identified in KRS 304.39-070(5). Additionally, based upon our review of the record, including the evidentiary hearing, there is not one shred of evidence to support Byrnes' claim that Nationwide intentionally violated KRS 304.39-070(5) in this case.

Based on the foregoing analysis, we affirm the circuit court's ruling and its findings of fact and conclusions of law as concerns Byrnes direct appeal in Appeal No. 2021-CA-1346-MR.

## 2. **Nationwide v. Byrnes – Cross-Appeal No. 2021-CA-1369-MR**

In Nationwide's cross-appeal, Nationwide argues that Byrnes failed to confer any benefit upon Nationwide as concerns the establishment of liability by the tortfeasor and Liberty Mutual. However, Nationwide did not call any witnesses at the evidentiary hearing or submit any documentary evidence to support its position. The circuit court heard the testimony of Byrnes at the hearing, including his cross-examination by counsel for Nationwide.

As previously discussed regarding Byrnes' direct appeal, our standard of review in this cross-appeal is set forth in CR 52.01. The circuit court's findings of fact will not be set aside unless clearly erroneous. A reversible error arises when there is no substantial evidence in the record to support the findings of the trial court. *M.P.S. v. Cabinet for Human Res.*, 979 S.W.2d 114 (Ky. App. 1998).

In this case, the bulk of the evidence submitted at the hearing was through the testimony of Byrnes. We acknowledge Nationwide's concern regarding Byrnes' testimony about his billable hours which conflicted with his earlier deposition testimony. However, the circuit court was the fact-finder and also charged with judging the credibility of Byrnes' testimony. *See* CR 52.01. In this regard, the circuit court believed that 4.8 hours of Byrnes' time benefited Nationwide in recovering PIP benefits paid to its insureds. To the extent the evidence relied upon by the circuit court was conflicting, this court may not substitute its decision in place of the judgment of the circuit court, as the finder of fact, even if we might have viewed the evidence differently. *See Truman v. Lillard*, 404 S.W.3d 863, 868-69 (Ky. App. 2012). Nationwide has simply failed to establish on cross-appeal how the circuit court's findings are clearly erroneous and its conclusions of law in error. Accordingly, we have no alternative but to affirm the circuit court's ruling on the cross-appeal.

## III. CONCLUSION

In summation, we affirm the circuit court's findings of fact and conclusions of law in both Appeal No. 2021-CA-1346-MR and Cross-Appeal No. 2021-CA-1369-MR.

ALL CONCUR.


BRIEF FOR APPELLANT/CROSS-APPELLEE:

Jeffrey A. Sexton
Louisville, Kentucky

BRIEF FOR APPELLEE/CROSS-APPELLANT:

Joshua J. Leckrone
Ryan M. Glass
Louisville, Kentucky